CHAMBER OF COMMERCE OF GREATER WATERBURY, INC. *v.* CITY OF WATERBURY ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued March 6—decision released June 9, 1981

*Thomas K. McDonough,* for the appellants (defendants).

*John C. Bullock,* for the appellee (plaintiff).

SHEA, J.  This appeal presents another chapter in the dispute over the revaluation for taxation purposes of real property in Waterbury as contained in the grand list of October 1, 1979.  In *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 427 A.2d 866 (1980), we affirmed an order that the assessor file the grand list within the statutory time limit of January 31, 1980, which had been extended to February 29, 1980, by the time our decision was announced on the previous day. The assessor, Leo Iorio, did file the grand list within the time required.  It appears, however, that before doing so he revised the list which had been prepared by his predecessor in office, Eugene A. Murphy, whom he had succeeded on January 3, 1980, after the decision of the trial court had been filed.  It is undisputed that this revision consisted of adjustments made in the assessments of about 300 commercial and industrial properties, which Iorio and his staff inspected and analyzed individually, and a 28 percent increase "across the board" in the assessments of the remaining commercial and industrial properties in Waterbury, approximately 2500 in

number. It was this fixed percentage increase which precipitated the present suit which challenges its validity in a class action wherein the plaintiffs have been certified to represent all those taxpayers whose assessments were increased as a result of the application of the fixed percentage to their property valuations as originally proposed on the list of October 1, 1979.

The plaintiff moved for a summary judgment on the basis of testimony by the defendant Iorio at a deposition that he had not made individual assessments of the properties affected by the 28 percent increase. He had testified that from his analysis of the 300 commercial and industrial properties which he and his staff examined individually he concluded that the values placed on commercial and industrial real estate by his predecessor were at least 28 percent lower than actual market value. Because of the short time available to complete the assessment list, this percentage was used to adjust the valuations for the 2500 commercial and industrial properties remaining which had not been studied individually. The trial court concluded that the material facts were not disputed and granted summary judgment for the plaintiff, enjoining the defendant city from levying any tax based upon the 28 percent increase upon any member of the plaintiff class. The defendants have appealed claiming (1) that there are disputed issues which make summary judgment inappropriate and (2) that the use of the fixed percentage by the assessor was not unreasonable under the circumstances. We affirm the decision of the trial court.

The disposition of a case by summary judgment is erroneous unless there exists "no genuine issue

as to any material fact." Practice Book § 384. The defendants maintain that there was such an issue because they are prepared to prove that even after the application of the fixed percentage increase each of the affected properties has been valued at a figure not exceeding its fair market value. We have recognized, however, that valuation of property in excess of fair market value is not the only ground upon which a taxpayer may be entitled to relief. *White* v. *Portland,* 63 Conn. 18, 21, 26 A. 342 (1893). Any circumstances indicating that a disproportionate share of the tax burden is being thrust upon a taxpayer would warrant judicial intervention. *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 86, 193 A.2d 472 (1963). The plaintiffs claim that an illegal method of establishing assessments for their properties has been followed, which has not been applied to other taxpayers. If the challenged procedure is illegal, the plaintiffs must prevail. The defendants have not questioned the standing of the plaintiffs to bring these issues before the court. It appears that a claim of disproportionate taxation has been raised; *American-Republican, Inc.* v. *Waterbury,* 183 Conn. 523, 526, 441 A.2d 23 (1981); and that none of the facts essential to its consideration is disputed. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596 (1969).

The application of a fixed percentage factor to increase assessments without making any allowance for individual differences in properties has been widely condemned. *Bret Harte Inn, Inc.* v. *City & County of San Francisco,* 127 Cal. Rptr. 154, 544 P.2d 1354 (1976); *Anaconda Co.* v. *Property Tax Dept.,* 94 N.M. 202, 608 P.2d 514 (1980); *Atlantic Richfield Co.* v. *Warren Independent School Dis-*

*trict,* 453 S.W.2d 190 (Tex. Civ. App. 1970); *In re Tax Assessments against Pocahontas,* 210 S.E.2d 641 (W. Va. 1974). The basic deficiency of such a valuation procedure is the failure to consider all of the elements which may reasonably affect the value of the property. Taxable property is subject to taxation at a uniform percentage of "its present true and actual valuation." General Statutes § 12-64. In establishing assessments the assessors are required to "view all of the real estate of their respective municipalities." General Statutes § 12-62 (a); *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 718, 427 A.2d 866 (1980); *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 450, 190 A.2d 591 (1963). These statutes contemplate assessments based upon a consideration of the individual characteristics of each property listed. Everything that might legitimately affect value must be considered. *Uniroyal, Inc.* v. *Board of Tax Review,* 174 Conn. 380, 390, 389 A.2d 734 (1978); *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 239, 348 A.2d 641 (1974).

The 28 percent increase in the valuations of the 2500 commercial and industrial properties which Iorio did not examine individually was a projection from the conclusion he reached from his analysis of 300 such properties upon an individual basis. His conclusion of a minimum 28 percent undervaluation of those properties could not fairly be applied to all other business properties in Waterbury without some showing that the undervaluation had occurred for reasons affecting all business properties alike. We cannot assume that the 300 properties studied by the assessor are sufficiently similar in character or location to allow a reasonable inference that the remaining 2500 properties

have been uniformly undervalued by 28 percent. In fact, the testimony of Iorio indicated that he found the 28 percent to represent the low side of a range of 28 to 45 percent undervaluation, where most of the properties analyzed fell as indicated by comparative sales. He conceded that he had found in his study undervaluations outside this range, greater than 45 percent for some properties and lower than 28 percent for others. Under this testimony it is clear that the application of the 28 percent factor would not reflect the value of a particular property based upon its individual characteristics as the statutes require. Even for properties falling within the normal range of undervaluation, there would be a substantial disproportion in the tax burden imposed on those at the lower part of the range, which presumably would carry their full share by application of the 28 percent factor, and those at the higher part of the range which would not. We conclude that the application of the fixed percentage factor by the assessor to increase the assessments on the properties of the plaintiffs cannot reasonably be found to fulfill his statutory duty to determine the "true and actual valuation" of each individual property. General Statutes § 12-64.

There is no error.

In this opinion the other judges concurred.