[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO DISMISS, #116 (DEEMED A MOTION TO STRIKE)
ISSUE
Whether the court should grant the defendant's motion to strike the second count of the amended complaint because the declaratory and equitable action stated therein is legally insufficient in that it was not brought within the time limit mandated by General Statutes Sec. 12-119.
FACTS
The following facts are alleged in the amended complaint. The plaintiff, St. John's Housing Corporation, was, on October 1, 1990, the owner of a parcel of land located in Cromwell, Connecticut. The assessor of Cromwell (the "assessor") valued the plaintiff's property at $6,777,000.00. The plaintiff alleges in its first count that the tax levied on this property was manifestly excessive and could not have been arrived at except by CT Page 4638 disregarding the statutes for determining the valuation of such property. The plaintiff alleges in its second count that the adoption of the grand list of October 1, 1988 (the "1988 grand list") was illegal because the assessor failed to perform his duties as mandated by General Statutes Sec. 12-62
in that the assessor failed to view all the real property listed on the 1988 grand list and/or in that the assessor failed to exercise his own independent judgment as to valuation.
This action was commenced by service of process on Bernard Neville, the Town Clerk of Cromwell, on September 12, 1991.
The plaintiff seeks a reduction of the assessment and a refund of taxes paid under protest pursuant to General Statutes Sec. 12-119,[1] a declaratory judgment determining that the revaluation based on the 1988 grand list was illegal and of no force and effect, an injunction restraining the defendant, Town of Cromwell, from collecting any real estate taxes based on the 1988 grand list and all succeeding grand lists, an order directing the defendant to refund all real estate taxes collected under the 1988 grand list and all succeeding grand lists and other relief as in equity may appertain.
The defendant now moves to strike[2] the second count because it was brought beyond the one year period provided in General Statutes Sec. 12-119.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The pleadings susceptible to a motion to strike are the "complaint, counterclaim, cross-complaint, prayer, answer [and] special defense." Deutsche Bank Co. v. Hermann,4 CSCR 4 771 (September 28, 1989, Cioffi, J.), citing Practice Book Sec. 152. In reviewing the legal sufficiency of pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the pleading. Michaud v. Wawruck,209 Conn. 407. 408, 551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985) (emphasis in original). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted). CT Page 4639
The defendant argues that because the claim that the assessment based on the 1988 grand list was illegal is legally insufficient because it was made beyond the one year period provided in General Statutes Sec. 12-119. The defendant further argues that General Statutes Sec. 12-119
codifies all equitable rights taxpayers have.
The plaintiff argues that its second count is not based on General Statutes Sec. 12-119. The plaintiff further argues that General Statutes Sec. 12-119 does not provide for the requested relief, namely, a declaratory judgment and an injunction. The plaintiff also notes that the Connecticut Supreme Court has repeatedly approved of the procedure of challenging the legality of an assessment on the basis of the assessor's failure to follow the mandate of General Statutes Sec. 12-62 through the mechanism of a declaratory judgment action.
 "The claim that the property has been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax review and from there, within two months, to the Superior court pursuant to [General Statutes] Sec. 12-111 and Sec. 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to General Statutes Sec. 12-119." Norwich v. Lebanon, 193 Conn. 342, 346-48, 477 A.2d 115 (1984).
Hartford v. Faith Center, Inc., 196 Conn. 490-91, A.2d (1985). Nevertheless, an action in equity to enjoin the collection of a tax is available in extreme cases. Id., 491-93, citing L.G. DeFelice Son, Inc. v. Wethersfield,167 Conn. 509. 512-13, 356 A.2d 144 (1975) and Arnold v. Middletown, 39 Conn. 401, 405-06 (1872); see also Connecticut Light Power Co. v. Oxford, 101 Conn. 383, 391,126 A. 1 (1924). Indeed, it has been held that the failure of the town assessor to view all the real property listed on the grand list and to exercise her own independent judgment entitles a taxpayer to declaratory and equitable relief. Wilson v. Kelly, 5 Conn. L. Rptr. 277 (Higgins, J., December 2, 1991); see also Wilson v. Kelly, 6 Conn. L. Rptr. 57
(Higgins, J., February 18, 1992). Although General Statutes Sec. 12-119 codifies the equitable rights of taxpayers; Id., 493; it is merely an additional procedural path and does not CT Page 4640 foreclose equitable relief. Connecticut Light Power Co. v. Oxford, supra, 391-92; see also Cusick v. Norfolk, Conn. L. Rptr. 769, 769-70 (June 15, 1990, Pickett, J.) (declaratory judgment action is appropriate means of challenging an allegedly illegal assessment). Furthermore, the practice of bringing a declaratory judgment action seeking a declaration that certain assessments are void combined with a request for an injunction preventing the collection of taxes on the allegedly void assessments has been approved. Chamber of Commerce of Greater Waterbury, Inc. v. Waterbury,184 Conn. 333, 335, 439 A.2d 1047 (1981); Conzelman v. Bristol, 122 Conn. 218, 219-20, 188 A. 657 (1936); Wilson v. Kelly, 5 Conn. L. Rptr. 277 (Higgins, J., December 2, 1991); see also Wilson v. Kelly, 6 Conn. L. Rptr. 57 (Higgins, J., February 18, 1992).
The question now becomes whether the one year time limitation of General Statutes Sec. 12-119 applies to the combined declaratory and equitable action stated in the plaintiff's second count. "In an equitable proceeding, a court may provide a remedy even though the governing statute of limitations has expired, just as it has discretion to dismiss for laches an action initiated within the period of the statute." Dunham v. Dunham, 204 Conn. 303, 326,528 A.2d 1123 (1987) (citations omitted). Accordingly, the expiration of the one year time period provided in General Statutes Sec. 12-119 does not limit the equitable action stated in the plaintiff's second count. The defendant's motion to strike is denied.
AUSTIN, J.