[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7481
This is an appeal by the plaintiffs, Marilyn Quinn and O. Elmo Quinn, pursuant to General Statutes 12-118, from a decision of the defendant Town of Monroe Board of Tax Review. The plaintiffs' single family residential home is situated on 8.5 acres at 205 Monroe Turnpike in Monroe, and is in the "limited office district" zone.
Prior to October 1, 1989, the property had been assessed at $283,010. However, effective February 10, 1989, the zone was changed from residential to limited office (Monroe Code 117-1500, et seq.). The Quinns did not appeal the zone change, which affected approximately 68 acres including the land of the plaintiffs. The new zone permits business, professional and financial offices on lots having a minimum of 1.5 acres.
As a direct result of the zone change the assessment of the subject premises was increased to $607,670 on the grand list of October 1, 1989, which, at a rate of 70%, translated into a fair market value of $868,100. General Statutes 12-64.[1]
The plaintiffs did not appeal this new assessment on the list of 1989, but did appeal the same assessment on the next grand list of October 1, 1990 to the defendant Board; General Statutes 12-111; which refused to reduce the assessment. This appeal followed. The plaintiffs subsequently amended their complaint to include a challenge to the assessed valuation on the grand list of October 1, 1991 as well. General Statutes 12-118.
The plaintiffs claim that the increased assessment, which was concededly based solely on a change of zone, violates their rights under General Statutes 12-118, and also their property rights under the United States and Connecticut constitutions.
The standard of review in an appeal pursuant to General Statutes 12-118
was set out in detail in Stamford Apartments Co. v. Stamford, 203 Conn. 586,588-89, 525 A.2d 1327 (1987), as follows (i) the case is heard de novo; (ii) the plaintiff has the burden of proving that the defendant assessor's valuation is excessive; (iii) this burden is a "difficult" one because "proper deference" as well as a "wide discretion" must be accorded to the assessors; (iv) there is no presumption in favor of the assessor's valuation which needs to be rebutted by the taxpayer; and (v) the court's task is to determine whether the property has been "substantially overvalued," and if so, then to ascertain the true and actual value of the plaintiff's property.
As was said in Midway Green Corporation v. Board of Tax Review,8 Conn. App. 440, 442, 512 A.2d 984 (1986), "[o]nly if the court finds that the property has been overvalued by the assessor can it exercise its power to correct the valuation."
General Statutes 12-63 indicates that the standard for valuation is the CT Page 7482 property's "present true and actual valuation," which is synonymous with "market value, actual value, fair market value, market value and fair value. . ." Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619, 623 n. 3,438 A.2d 782 (1981). "Fair market value" is defined as "the value that would be fixed in fair negotiations between a desirous buyer and a willing seller, neither under any undue compulsion to make a deal." Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380, 390, 389 A.2d 734 (1978). An assessor is required to consider the highest and best use of the land. Whitney Center, Inc. v. Hamden, 4 Conn. App. 426, 428, 494 A.2d 624 (1985).
The issue in this case is whether the assessor was justified in increasing the assessment due to the change of zone. The answer is yes, according to Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425,435-36, 525 A.2d 91 (1987). In analyzing General Statutes 12-55, the court held that "under certain circumstances, such as . . . a substantial change in . . . zoning classification" an interim revaluation would be "required." To the same effect is 84 Century Limited Partnership v. Board of Tax Review, 207 Conn. 250, 255, 541 A.2d 478 (1988).
Thus, the assessor was justified in revaluing the plaintiffs' property upon the occasion of a zone change. The plaintiffs did not contest or submit any evidence with respect to the amount of the new assessment, but only challenged the right of the assessor to make a revaluation based on a new zoning classification. In their post-trial brief, the plaintiffs for the first time comment on what they believe to be a mistake on the assessor's part in overvaluing their property.
The plaintiffs bear the burden of proving that defendant's valuation of their property was overvalued and hence illegal; Stamford Apartments Co. v. Stamford, supra, 589; and by offering no evidence on this subject at the trial the plaintiffs did not sustain this burden.
The plaintiffs also point out that, during the public hearing of the Monroe Planning and Zoning Commission when it was considering the change of zone, the commission's chairman stated his belief that property in the new zone would continue to be taxed as if it were still in the prior residential zone, until a property owner actually began an office use. The plaintiffs claim that statement prevents the assessor and the defendant Board from increasing their taxes because concededly the Quinns did not convert their home to office use.
I know of no authority that a member of a planning and zoning commission, or the whole commission for that matter, can bind the assessor whose duty it is to assess property. The theory of estoppel only applies to a municipality when the official in question is responsible for the governmental function sought to be estopped. Kimberly-Clark Corporation v. Dubno, 204 Conn. 137,148, 527 A.2d 679 (1987) ("only when the action in question has been induced by an agent having authority in such matters"); and the assessor is the only official charged with evaluating property in a community. CT Page 7483
The plaintiffs also claim an unconstitutional taking of their property because of the increased real estate taxes. However, the town of Monroe did not take the Quinns' property, but rather increased their taxes on the theory that the plaintiffs' land was now more valuable because, as a result of the zone change, it could be used for office purposes.
It is our belief that the plaintiffs have not sustained their burden of proving that defendant's valuation of their property was excessive. As a result they are deemed not to be aggrieved. Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 608, 424 A.2d 282 (1979) ("[t]he court must first determine whether the plaintiff has met his burden of establishing that he is, in fact, aggrieved by the action of the board. Only when the court finds that the action of the board will result in the payment of an unjust and, therefore, illegal tax, can the court proceed to exercise its broad discretionary power to grant such relief as is appropriate").
I therefore find that the fair and actual market value of the plaintiffs' property was, as of October 1, 1990, $868,100, and that the defendant's assessment of $607,670 was not unreasonable, and thus the appeal of the plaintiffs is dismissed.
So Ordered.
Dated at Bridgeport, Connecticut, this 7th day of August, 1992.
WILLIAM B. LEWIS, JUDGE