[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Based on the evidence produced at trial, the court finds the following:
1. On October 1, 1989, October 1990, October 1, 1991, CT Page 11353 the plaintiffs, Stephen Grossomanides and John Anagnos were the owners of certain property in the Town of Wethersfield known as 912 Silas Deane Highway ("the subject property").
2. Prior to October 1, 1989, said property was valued by Wethersfield for tax assessment purposes at a full fair market value of $1,300,000.00.
3. In 1989, the Wethersfield Assessor conducted its general decennial reevaluation of all real estate assets on its Grand List pursuant to Connecticut General Statutes12-62 et seq.
4. The subject property is a one and two-story, brick and concrete block office building built in 1955 and remodeled in 1985. The building is located on 1.46 acres. The property is located in the "I" industrial zone.
5. The structure contains 27,400 square feet of building area. The structure is built on a concrete slab. The exterior of the structure has a vertical wood decorative finish and a decorative roof overhang.
6. The front portion of the structure is one story, while the rear section has two levels.
7. The upper level contains approximately 10 offices. The lower, walkout level contains two offices.
8. The highest and best use of the property is considered to be its existing use as an office building.
9. The reevaluation of the subject property was performed by the Wethersfield Assessor as a part of the general reevaluation.
10. As a part of the reevaluation, the Wethersfield Assessor determined that as of October 1, 1989, the full fair market value of the subject property for tax assessment purposes was $3,001,500.00.
11. The Wethersfield Assessor determined, pursuant to the provisions of the Connecticut General Statutes, that the subject property should be liable for taxation at 70% of its full fair market value on October 1, 1989, CT Page 11354
12. Pursuant to Connecticut General Statutes 12-111, the owners appealed the Wethersfield Assessor's October 1, 1989 valuation of the subject property to the Wethersfield Board of Tax Review.
13. On or about March 31, 1990, the Wethersfield Board of Tax Review reviewed the October 1, 1989 tax assessment on the subject property.
14. As a result of its review, on May 15, 1990, the Wethersfield Board of Tax Review reduced the full fair market value of the property for tax assessment purposes to $2,892,000.00.
15. The owners brought this appeal pursuant to Connecticut General Statutes 12-118 of the decision of the Wethersfield Board of Tax Review, challenging the decision of the Wethersfield Board of Tax Review.
16. At trial, Wethersfield introduced evidence through its expert witness, Robert Flanagan, MAI, that the value of the property on October 1, 1989 was $2,947,000.00, applying the income and sales comparison methods of property valuation.
17. At trial, the Wethersfield Assessor, John Dagata, testified that in his judgment and based on his 15 years experience as a municipal assessor, the fair market value of the subject property on October 1, 1989 was $2,892,000.00.
18. Giving due consideration to all evidence produced at trial, the court finds the fair market value of the subject property on October 1, 1989 was $2,892,000.00.
Based on the evidence produced at trial, the court makes the following conclusions of law:
1. In a tax appeal brought pursuant to Connecticut General Statutes section 12-118, the burden is on the plaintiff to prove that it is aggrieved by the action of the Assessor and that the property has been over assessed. Xerox Corporation v. Board of Tax Review, 175 Conn. 301, 303
(1987); Gorin's Inc. v. Board of Tax Review, 4 Conn. App. 106,107-108 (1987). CT Page 11355
3. A wide discretion is accorded to municipal assessors, and unless their action is discriminatory or so unreasonable that the property is substantially overvalued and thus injustice and illegality result, the opinion and judgment of the assessor controls in the determination of value for taxation purposes. Stamford Apartments Co. v. Stamford, 203 Conn. 586, 589 (1987).
4. In establishing the fair market value of the subject property, the Assessor is required by statute to find the fair market value of the fee simple estate. Connecticut General Statutes 12-62 et seq.
5. The plaintiffs' expert appraisal report is given no weight because it valued the lease fee of the subject property and is therefore irrelevant to the issue of the fair market value for purposes of a municipal tax appeal.
6. In a municipal tax appeal, there is a presumption of validity in favor of actions taken by a municipality. Andrew B. Hendryx Co. v. City of New Haven, 104 Conn. 632, 641
(1926).
7. In a municipal tax appeal brought pursuant to General Statutes 12-118, the court finds the value of the subject property based on the evidence produced at trial, which is a trial de novo. Gorin's, Inc. v. Board of Tax Review, 178 Conn. 606, 607 (1979).
9. The trier arrives at his own conclusions as to the value of the property by weighing the opinion of the appraisers, the claims of the parties in light of all circumstances in evidence bearing on value and his own general knowledge of the elements going to establish value. O'Brien v. Board of Tax Review, 169 Conn. 129, 136 (1975).
10. The purpose of an appeal from a decision of the board of tax review is for the trial court to ascertain the true and actual value of the property in question. General Statutes 12-118, O'Brien v. Board of Tax Review, 169 Conn. 129,136 (1975); Dickau v. Glastonbury, 156 Conn. 437, 444
(1968).
11. The plaintiffs failed to produce sufficient credible evidence at trial that proved the October 1, 1989 CT Page 11356 valuation placed on the subject property by the Wethersfield Assessor was grossly excessive, disproportionate and illegal.
12. The court gives greater weight to the testimony of the defendant's expert witness, Robert Flanagan, MAI, because he correctly applied the income and sales comparison approaches to value to determine the fair market value for the fee simple estate of the subject property on October 1, 1989.
14. Based on the evidence produced at trial, and weighing the opinion of the appraisers, the claims of the parties in light of all circumstances in evidence bearing on value, the court finds that the Wethersfield Tax Assessor's valuation was not grossly excessive disproportionate and illegal.
15. The plaintiffs' appeal is hereby denied.
Dunn, J.