[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by appellant of an assessment by defendant City of Waterbury of real property owned by him consisting of an office/condominium located on the third floor of a medical office building at 500 Chase Parkway, in Waterbury. At the time of the last revaluation by the City of Waterbury in 1980, the building in question was used in its entirety as Scovill World Headquarters. In 1991 after the demise of Scovill Corporation, the building was converted to condominiums housing medical doctor's offices.
The property in question consists of 13,484 square feet of space and is considered "Prime Medical" space which is the highest and best use of the property. The property is located beside I-84, not far from Waterbury Hospital.
The Assessor of the City of Waterbury found $674,700 to be the fair market value and 70% of that or $472,290 to be the assessed value on the Grand List of 1996. From that assessment, appellant appealed to the Board of Assessment Appeals, which board is empowered to hear appeals from Grand List of Assessments.
From the action of the board denying the appeal, appellant Edward Soufer d/b/a, appealed to this court. Appellant alleges that the valuation placed on its property was not a "percentage of its true and actual value on that assessment date but was grossly excessive, disproportionate and unlawful." Appellant amended his complaint to include the assessment on the Grand List of 1997.
Testimony at trial was given by appellant's witness, certified real estate appraiser, Walter Kloss and by the assessor for the City, David Deitsch. Both conceded that there were no office condominium buildings in 1980, the year of the last revaluation. Mr. Kloss indicated that this makes the CT Page 5446 comparable sales approach, employed by him quite difficult. Nevertheless, Mr. Kloss used the sales comparison approach and compared seven sales of various size office buildings and offices above rental space including medical office buildings, professional office buildings and downtown properties. Kloss testified that the subject building was of excellent construction. He testified that the city has appeared to use a set rate of $50 per square foot market value and $35 per square foot assessed value (70%) for office buildings of this type. Mr. Kloss testified that medical office buildings were selling at $42 per square foot as of October, 1980 and that prime office buildings were selling for $35 per square foot and that he used a "mid rate" of $38.15 per square foot to arrive at a fair market value on October 1, 1980 or $519,000 and an assessed value at 70% of $364,000.
Mr. Dietsch, Assessor for the City of Waterbury for only the last year and one-half testified that in his opinion the subject property was under-assessed. Mr. Dietsch testified that he had no knowledge of how the City arrived at the $50 per square foot figure used by the city for this and similar properties to determine fair market value and $35 per square foot for assessed valuation. Mr. Dietsch employed the income analysis approach and arrived at the fair market value for the property in 1980 of $62.40 per square foot and $43.68 assessed value at 70% which would be $841,402 fair market value and $588, 981 assessed value.
The right to hear appeals of real property tax assessment even if the property owner did not appeal during the first year of revaluation was established by the Supreme Court in the case of Jupiter Realty Company v. Board of Tax Review, 242 Conn. 363
(1997). Connecticut General Statutes § 12-62.
In a real property tax appeal, then, all that is before the court is a trial de novo to determine the true and actual value of the subject properties as of the date of the last revaluation in this case: October 1, 1980. Chamber of Commerce of GreaterWaterbury, Inc. v. Waterbury, 1981 184 Conn. 333, 439 A.2d 1047. The burden of proof is upon the plaintiffs, StamfordApartments Co. v. Stamford, 203 Conn. 586 (1987). Connecticut General Statutes § 12-63.
The Supreme Court has ruled that the municipal tax assessor is required to "equalize" real property tax assessment. Parker v.Roig, 232 Conn. 335 (1995). The tax assessor must determine the CT Page 5447 true and actual value of the property as of the first revaluation. This way all property owners are treated uniformly as required.
The plaintiff challenging the tax assessor's valuation of property bears a heavy burden. Connecticut courts have repeatedly held that wide discretion will be given to assessors, and "unless their action is discriminatory or so unreasonable that property is substantially overvalued so that injustice and illegality results, their opinion and judgment should control in the determination of value of property for taxation purposes."Stamford Apartment Co. v. Stamford, supra at 589.
Very recently, our Supreme Court in Ireland v.Wethersfield, 242 Conn. 550 (1998), further developed the nature of a plaintiff's burden in a tax appeal brought pursuant to the provisions of § 12-117a of the General Statutes. The court reiterated that such a case is a "matter de novo" and that "(t)he trier of fact must arrive at his own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value." Id. At 556-557, citations omitted.
This court, mindful of the above, and finding plaintiff to be aggrieved, finds the fair market value to be $42 per square foot or $566,328 and the assessed value as of October 1, 1980 but on the Grand Lists of 1996 and 1997 to be 70% thereof or $396,430. Judgment plus costs shall enter accordingly.
KULAWIZ, J.