[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, executor of the estate of Russell Craig La Vin (Executor) asserts aggrievement under Section 12-117a et seq of the Conn. General Statutes. The executor claims that the property known as #208 Crown Street more particularly set out in his complaint dated August 27, 1992 is not the true and actual valuation as of October 1, 1991. The executor claims that the assessor's valuation on that date of the subject premises was grossly excessive, disproportionate and unlawful. The executor appealed the assessor's evaluation of October 1, 1991 at $286,300 to the Board of Tax Review of the City of New Haven that reduced the evaluation to $281,300.00 (see Exhibit B). As required by law the Executor has appealed that decision asserting that the property is over assessed
The property consists of an estimated 9,886 square feet of land improved by pavement which is used as a parking lot in the downtown area of New Haven. The parking lot is on Crown Street between Temple and College Streets. The parking lot which the property is still used for is in the entertainment area and business office area of downtown New Haven. The expert Real Estate appraiser called by the appellant (The Ball Report) states that "[T]his is a short form narrative appraisal and is based on a summary report option. Any departure from the Uniform Standards of Professional Appraisal Practice (Rule 2) does not result in any analysis which is misleading to the client. If a full and complete narrative type appraisal is necessary this office will be happy to provide same and credit the cost of this report" (See Exhibit A).
The downtown business district is zoned as "BD". Ball used only one comparable sale in the BD Zone in his appraisal. The other comparables used were all in a BA zone. Zoning affects the Fair Market Value (FMV) of all properties and the BD Zone can be used more intensely than an BA zone. It can be used inter alia for offices, hotels, theaters, parks and schools. A BA Zone which the other comparable sales used by Ball is a neighborhood business zone to the downtown area. Such zoning is less attractive for business development than BD and not considered in the business section of New Haven. CT Page 6385
The methodology used by Ball was a comparable sales approach only. Although the premises are used for a business for downtown parking which is the highest and best use for this property, an income approach was not used in this appraisal. Ball, however, testified the best use would be to erect a building without any further back up.
The Ball appraisal, Exhibit A, concludes that the FMV of the subject property is $198,000 as of October 1, 1991.
The defendants produced as their expert, John Leary ("Leary") who viewed the premises and prepared a review appraisal report, Exhibit 6.
Leary Counseling and Valuation, Inc. ("LVC") is the company of which Leary is president. LCV performed a technical desk review of Ball's appraisal of the subject premises.
The appraisal report Exhibit 6 was conducted under the provisions of standard 3 of the Uniform Standards of Professional Appraisal Practice. Leary's review process included:
1. Annotated reading of the appraisal report; (Ball Report)
2. Checking compliance with USPAP and applicable Supplemental Standards;
3. Testing of significant mathematical calculations;
4. Considering the adequacy and relevance of the data presented;
5. Considering the appropriateness of the methods and techniques used; and,
6. Considering the appropriateness of the analyses, opinions, and conclusions.
The Report Analyses performed by Leary is an acceptable method to perform an appraisal and the conclusions made by such a report is in effect an independent appraisal done by the defendant's expert.
"A reasonable, logical, and natural method for an appraiser to "acquire" personal knowledge is from outside sources, such as CT Page 6386 texts, public records, and consultations with Realtors or professional appraisers. This is the kind of personal knowledge that appraisers, whether they be appointed under § 49-14 or not, may draw upon to "determine the value of property upon their own experience and judgment." Buck v. Morris Park, Inc., supra, 293" New Haven Savings Bank v. Valley Investors, 174 Conn. 77,82.
Leary opines on page A-2 of his report that Ball used only one of his four sales of comparable sales in a BD Zone, and even that one sale is understated by $200,000. The LCV report asserts that the deed in evidence of that sale, Exhibit 2, the price per sq. ft. should be $59.76 rather than $38.72 per sq. ft. concluded by Ball. Ball testified he attributes the value per sq. ft. in his report because of an adjustment for the right of way and a small booth building so as to reduce the original sales price of comparable sale # 1 of $568,000. Neither the deed nor Ball's report show the adjustment for a right of way or the value of a building. Ball testified he did not know if the City of New Haven had a value for the right of way.
The LCV report, Exhibit 6, states as follows:
The selection and presentation of these four sales (Ball Report) is considered misleading because an adequate number of BD-Zoned land sales in downtown New Haven prior to the October 1, 1991 effective date were available for analysis. These sales have been presented by other appraisal firms in the context of assessment appeals. The following BD-zoned land sales were presented by the Heberger Appraisal Group (along with three BA-zoned land sales on the perimeter of downtown New Haven):
__________________________________________________________________________ | Sale | Location | Date | Price | SF | Zone| Price | | No. | | | | Land | | /SF | |______|____________________|___________|__________|________|_____|________| | A | 70-80 Crown Street | 24-Oct-90 | $890,000 | 18,792 | BD | $47.36 | |______|____________________|___________|__________|________|_____|________| | B | 7-9 Orange | | | | | | | | St/39-47 George | 27-Jul-90 | $465,000 | 11,285 | BD | $41.21 | | | St* | | | | | | |______|____________________|___________|__________|________|_____|________| | C | 31-35 George | 16-Jan-90 | $235,200 | 6,098 | BD | $38.57 | | | Street | | | | | | |______|____________________|___________|__________|________|_____|________| | D | 86-96 Crown | 7-Jul-89 | $425,000 | 8,458 | BD | $50.25 | | | Street** | | | | | | CT Page 6387 __________________________________________________________________________ | E | 70-80 Crown Street | 14-Apr-88 | $825,000 | 18,792 | BD | $43.90 | |______|____________________|___________|__________|________|_____|________| | F | 86-96 Crown Street | 10-Sep-87 | $325,000 | 8,458 | BD | $38.43 | |______|____________________|___________|__________|________|_____|________| | G | 247-257 Church | 10-Oct-85 | $400,000 | 21,101 | BD | $18.96 | | | Street | | | | | | |______|____________________|___________|__________|________|_____|________| | H | 546-550 State | 20-Aug-82 | $592,000 | 46,477 | BD | $12.74 | | | Street | | | | | | |______|____________________|___________|__________|________|_____|________|
Prior to any analysis or adjustment, it is clear that the market price levels for BD-zoned land support the $20.25 per sq. ft. unit value estimate by the City of New Haven as summarized at the bottom of Page A-2 of this review.
The City of New Haven argues that the valuation of the subject premises is correct.
The ultimate issue in this appeal is to determine if the Assessor overvalued the property.
New Haven further argues:
[W]hen a property owner challenges the assessor's valuation, "the plaintiffs' burden . . . is a difficult one. [P]roper deference must be given to the judgment and experience of assessors.' Connecticut Coke Co. v. New Haven, 169 Conn. 663, 338 (1975). `The law contemplates that a wide discretion is to be accorded to assessors, and unless their action is discriminatory or so unreasonable that a property is substantially overvalued, and thus injustice and illegality result, their opinion and judgment should control in the determination of value for taxation purposes (citations omitted) Stamford Apartments Co. v.Stamford 203 Conn. 586, 589 (1987).
The burden of proof is on the party claiming aggrievement to prove that the assessors valuation [is] not the true and actual value of the property. Mac Lean v. Darien. 43 Conn. App. 169, 174
(citations and internal quotations omitted)
The plaintiff in this case has not met his burden of proof that the assessments (Exhibit V) are excessive and CT Page 6388 disproportionate.
Accordingly the appeal is denied.
Frank S. Meadow Judge Trial Referee