[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this appeal pursuant to General Statutes CT Page 12864 §§ 12-117a and 12-119; challenging the tax assessment of its Bristol, Connecticut property.
The property at issue is the Bristol portion of the Lake Compounce Amusement Park, which is located in the towns of Bristol and Southington.
The property was assessed by the City of Bristol on October 1, 1987 at a total value of $12,204,000 and an assessed value of $8,542,800. Following a review in October of 1994, the assessment was adjusted to reflect a total value of $11,557,600 and an assessed valuation of $8,090,320. The property consists of the approximately sixty-five acres at the three hundred eleven acre amusement park which is located in Bristol. The majority of the Park rides, amusements and improvements are on the Bristol property.
The property in 1987 was in a residential zone, but was specially zoned for use as an amusement park.
The City Assessor in valuing the property considered it a unique piece of property but assessed it as other business property in the same general area of Bristol. The primary site portion was assessed at $4 a square foot with the excess land valued at .50 a square foot. The $4 a square foot primary site value was used for other business use property. The excess property rate was typically 50% of the primary site value. However, the excess portion of the subject property was reduced to approximately 12.5% of the primary site rate. This adjustment reflected the mountainous terrain of much of the property.
Lake Compounce is known as the oldest continuously operating amusement park in the United States. The plaintiff partnership has been involved in the ownership since 1984. In 1985 and 1986 the Hershey Company invested twenty-two million dollars in an extensive renovation of the property. Hershey, however, lost money in its operations of the Park and left the partnership in 1987. Joseph Entertainment ran the Park as a concert venue after Hershey left. Joseph Entertainment also lost money in its operation. Funtime Park ran Lake Compounce in 1994 and 1995, also losing money on such operations. In 1996 Kenwood Enterprises took over operations of the park with the plaintiff. In excess of thirty million dollars was invested in the park in 1996, much of the investment involved State of Connecticut funds. The park from 1985 thorough 1997 never earned a profit from its operations. In CT Page 12865 some years it only opened for brief periods in order to preserve its continuous operating status.
The plaintiff offered expert testimony that the highest and best use of the property was for multifamily housing and open-space land. The plaintiff's expert in a retrospective appraisal evaluated the property at $3,342,000 for such purpose. (Ex. D.)
The City Assessor explained his evaluation of the property. The City also produced an expert witness who reviewed and critiqued (Ex. 4) the plaintiff's expert's appraisal.
A tax appeal pursuant to § 12-117a operates under the basic principle that "the trial court tries the matter de novo and the ultimate question is the actual or the true and actual value of the property. . . At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has over assessed its property. . ." Xerox Corp. v. Board of TaxReview, 240 Conn. 192 (1997). Also, see Newbury Commons Ltd.Partnership v. Stamford, 203 Conn. 586, 590 (1987); O'Brien v.Board of Tax Review, 169 Conn. 192, 130-31, 136 (1975); New Havenwater Co. v. Board of Tax Review, 166 Conn. 232, 234 (1974) andBuritt Mutual Savings Bank v. New Britain, 146 Conn. 669, 675
(1959). More recently in discussing the taxpayer's burden inIreland v. Wethersfield, 242 Conn. 550, 557-58 (1997) the Court noted: "If the trial court finds that the taxpayer has failed to meet his burden because, for example, the court finds unpersuasive the method of valuation espoused by the taxpayer's appraiser, the trial court may render judgment for the town on that basis alone. On appeals by the taxpayer, we have regularly affirmed such judgments without a showing that the town adduced affirmative evidence sufficient to demonstrate that the assessor's determination of market value was not unjust." See also Gorin's Inc. v. Board of Tax Review, 178 Conn. 606, 608-10
(1979).
The plaintiff has not offered any evidence of the value of its property in its present use, as an amusement park.
The plaintiff had the burden of establishing that on October 1, 1987 the Lake Compounce Amusement Park's highest and best use was as vacant land for multifamily housing development, and the property's true and actual value should reflect that highest and best use. CT Page 12866
In order to find that such use was the highest and best use the change must be reasonably probable in the near future. Budneyv. Ives, 156 Conn. 83, 88 (1968); Stamford Apartments Co. v.Stamford, 203 Conn. 586, 592 (1987); Greene v. Burns,221 Conn. 7, 6, 748 (1992).
The plaintiff has failed to prove that on October 1, 1987, it was reasonably probable that Lake Compounce Amusement Park would be torn down and converted to a multifamily housing development.
The property had been an amusement park for approximately one hundred fifty years. In 1985 and 1986 twenty-two million dollars had been invested into the amusement park. At least one of the partners (Steven Barberini, Sr.) was committed to the continuation of the property as an amusement park. The multifamily housing use of the property would require a zone change. The court finds that the actual use of the property was its highest and best use on October 1, 1987.
The plaintiff has offered no evidence of the property's value as an amusement park.
It is well established that courts should give proper deference to an assessor's evaluation of property. StamfordApartments Co. v. City of Stamford, 203 Conn. 586, 589 (1987);Uniroyal Inc. v. Board of Tax Review, 182 Conn. 619, 633-34 n. 8 (1981); McLean v. Darien, 43 Conn. App. 169, 173 (1996), cert. denied, 239 Conn. 943 (1996). In light of the court's finding regarding the highest and best use, the plaintiff has failed to prove that the assessor overvalued the property when he valued it as an amusement park.
Judgment enters for the defendant City of Bristol.
Robert F. McWeeny, J.