[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10247
This is an appeal from the action of the Board of Assessment Appeals of the City of New Haven taken pursuant to General Statutes § 12-117a. The parties agree that the plaintiff is aggrieved within the meaning of the statute. In its original complaint, the plaintiff challenged the assessment on the grand list of October 1, 1996. It later amended its appeal to include the grand list of October 1, 1997.
The basic legal principles which apply in appeals taken pursuant to § 12-117a were stated recently in Konover v. West Hartford,242 Conn. 727, 734-36, 699 A.2d 158 (1997) (Internal quotation marks and citations omitted):
 In a § 12-117a appeal, the trial court performs a two step function. The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been overassessed. . . . In this regard, mere overvaluation is sufficient to justify redress under [§ 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation. . . . Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier. . . . The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value including his own view of the property.
Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains. . . . If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property. If the court finds CT Page 10248 that the property has been in fact overvalued, it has the power to, and should, correct the valuation.
 -I-
The first question for the court is whether the plaintiff has sustained its burden of proving that the subject property has been overvalued for tax assessment purposes. In that regard, the court finds the following facts:
The subject property is located at 140 Orange Street in New Haven, Connecticut, and is a rectangular shaped parcel with 56.9 feet of frontage on Orange Street in the block located between Chapel and Court Streets. At the time of revaluation in 1991, the parcel was improved with a three story brick and basement mixed use building constructed in 1981 over the footprint of two demolished buildings. The building contains approximately 12,918 square feet with retail space on the first floor and office space on the second and third floors. At the time of revaluation the second and third floors were vacant. The office space is considered class B or C space and was in average or below average condition at the time of revaluation. There is no parking associated with the property. The street is very congested and parking is difficult.
The relevant date of revaluation is October 1, 1991. The revaluation for the City of New Haven was conducted as a mass appraisal project by Sabre Systems, Inc. and its valuation analyses were approved by the City Assessor and adopted as the Assessor's opinion of market value. The subject property was given a fair market value of $979,300 in this manner.[1]
The plaintiff offered the testimony of Marc P. Nadeau, a general certified appraiser, who opined that the fair market value of the property as of October 1, 1991 was $350,000. Nadeau used the sales comparison and income approach to value methodologies in reaching his opinion. The defendant, however, adduced evidence that the latter approach was invalidated by various mathematical and factual errors. Nonetheless, the defendant's own expert, John Leary, who is also a certified appraiser, testified that in his opinion the assessment figure of $979,300 did not represent the fair market value of the subject property as of October 1, 1991. In Leary's opinion, the conclusion of another appraiser, Phillip Ball, that the subject property had a fair market value of $740,000 was consistent with values for similar property in October 1991. Phillip Ball testified that after he issued his report, which was based solely on the sale comparison methodology, he was asked to consider several other factors including other comparable sales and he lowered his opinion of the fair market value of the subject property to $680,000. CT Page 10249
The defendant offered the testimony of the incumbent City Assessor, William J. O'Brien, as to the revaluation. The assessor who was originally responsible for the assessment of the subject property is no longer in the office; however, O'Brien testified he adopted the assessment. The court, however, did not hear from O'Brien's predecessor or from anyone associated with the Sabre System revaluation in 1991 or from any appraiser on behalf of the defendant. See Stamford ApartmentsCo. v. Stamford, 203 Conn. 586, 589, 525 A.2d 1327 (1987). O'Brien's testimony simply is unpersuasive.
Thus, all the credible expert testimony[2] presented to the court supports the plaintiff's position that the subject property was overvalued for tax assessment purposes and the court so concludes. The plaintiff, therefore, has carried its burden of establishing that the assessor has overassessed its property.
 -II-
The court must next determine, de novo, the true and actual value of the property for reassessment purposes. When a taxpayer meets its initial burden of establishing overvaluation, the trial court then has "discretionary authority to find value" and there is no "presumptive validity to the town's assessment figure." Ireland v. Wethersfield,242 Conn. 550, 558, 698 A.2d 888 (1997).
The court must look to the expert opinions of Nadeau and Ball to determine value. Nadeau performed a comprehensive appraisal which was premised on both the sales comparison and income approach to value methodologies. But, as indicated above, the latter approach was invalidated by various mathematical and factual errors. The sales comparison methodology used by Nadeau, however, is an appropriate method of valuation. The same method was used by Ball.
The court concludes that Ball's trial opinion that the fair market value of the subject property was $680,000 represents the true and actual value of the property on October 1, 1991. The court bases its conclusion on a finding that the comparable sales used by Ball, adjusted in light of certain factors that were brought to Ball's attention following the issuance of his report, accurately reflect the market values for property such as the subject property in 1991. The court further credits Leary's testimony that the range of comparable sales in Ball's report accurately reflected the market for property of the type and in the location as the subject.
 -III-
CT Page 10250
Accordingly, the appeal is sustained. The court finds that the true and actual value of the plaintiff's property is $680,000 with an assessed value, for the 1996 and 1997 grand lists at 70% of fair market value, of $476,000. The plaintiff is entitled to reimbursement for any overpayment of taxes based on the grand lists of October 1, 1996 and October 1, 1997. Judgment shall enter in favor of the plaintiff, plus interest and costs.
LINDA K. LAGER, JUDGE