[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AFTER RE-ARGUMENT
After judgment the defendant moved for re-argument and a supplemental judgment. The court granted the motion to re-argue over the plaintiff's objection.
On re-argument, the defendant claimed the court "ignored the highest and best use" of the subject property. It was also argued that the court failed to consider the defendant's comparable sales and to accord to the defendant a presumption that its valuation was valid.
This last claim must be rejected as it is contrary to our case law, as noted by the plaintiff in its brief in opposition to the motion. InStamford Apartments Co. v. Stamford, 203 Conn. 586 (1987), the court said:
 "While we have recognized that proper deference should be accorded to the assessor's valuation, we have never characterized such deference as a presumption in favor of the validity of the assessment which it is the plaintiff's burden to rebut."
Id. at 589, emphasis added.
The remaining claims have no merit, as a reading of the court's Memorandum of Decision would indicate. The comparables are discussed at page 2 and the court notes at three places in its decision that the highest and best use of the property is its present use.
The court is not bound to accept an appraiser's comparables, with their subjective adjustments. The court concludes that it did what our Supreme Court prescribed in Union Carbide Corporation v. City of Danbury,257 Conn. 685 (2001): CT Page 2825
 "At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has over assessed its property . . . The trier of fact must arrive at his own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value . . ."
Id. at 870.
The motion for a supplemental judgment is denied.
Anthony V. DeMayo, Judge Trial Referee