FEDERATED DEPARTMENT STORES, INC. *v.* BOARD OF TAX REVIEW, CITY OF STAMFORD (NOS. 3224, 3225, 3226)

JOHN D. LOCKTON ET AL., TRUSTEES (GENERAL ELECTRIC PENSION TRUST) *v.* BOARD OF TAX REVIEW, CITY OF STAMFORD (No. 3227)

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued October 5—decided December 14, 1971

*Warren W. Eginton,* for the appellants (plaintiffs) in each case.

*Melvin M. Dichter,* with whom was *Lawrence M. Lapine,* for the appellee (defendant) in each case.

RYAN, J.  The plaintiffs in these four cases appealed to the Court of Common Pleas from the refusal of the board of tax review of the city of Stamford to reduce the valuations placed on their real estate for tax purposes.  The cases were presented through testimony and exhibits to Hon. John M. Comley, a state referee, in October, 1966.  Thereafter, pursuant to the stipulation of the parties and the order of the court, the reference to referee Comley was revoked before he rendered a decision, and the matters were referred to Hon. Sidney A.

Johnson, a state referee. The parties submitted the complete transcript of the hearing before referee Comley, together with the exhibits and the briefs, to referee Johnson and by the terms of their stipulation consented to having referee Johnson render judgment on this evidence, acting as the court in accordance with the provisions of § 52-434a of the General Statutes. The parties also stipulated that the four properties involved in the appeals should be considered to be under the single ownership of the plaintiff, Federated Department Stores, Inc., operating a store with three parking lots. From the judgment rendered dismissing the appeals the plaintiffs have appealed to this court.

## I

In case number 3227, the referee found the following facts: In 1960, the assessor of the city of Stamford reassessed all the real property in the city. The properties on the grand list of September 1, 1960, were uniformly assessed by the city at 65 percent of their fair market value. In 1954, Federated Department Stores, Inc., constructed a two-story brick and concrete building at a cost of $2,661,342.37 for a Bloomingdale Department Store. The building contained 160,257 square feet of space and was constructed on a parcel of land of about three acres in area, denominated in this action as parcel B. Parcel B provides parking space for thirty to thirty-five cars and is located in the principal commercial area of Stamford. Its highest and best use is as a department store. Between 1954 and 1960 construction costs increased by 28 percent. In January, 1955, Federated transferred title of parcel B to the General Electric Pension Trust for the sum of $3,165,000, and the Trust is the record owner of parcel B. For

the purpose of this tax appeal the parties have agreed that Federated may be considered the owner of parcel B and will be referred to as the plaintiff in all four cases. Assessors and real estate appraisal experts utilize three methods in the determination of fair market value of buildings: (1) reproduction costs less depreciation; (2) capitalization of income; and (3) comparable market sales data. In determining fair market value of the department store building on parcel B, the appraisal experts for the plaintiff and the defendant used only the first two methods, since market sales data could not be used because of the absence of sales of comparable buildings in the Stamford area. The defendant's assessor determined that the fair market value of the building on parcel B was $2,467,354 and the fair market value of the land was $698,200, making a total fair market value of $3,165,554.

At the time of the sale of parcel B in January, 1955, Federated entered into an agreement with the trustees of the Trust, designated by the parties thereto as a lease, for a term of thirty-five years at a net rental of $168,422.32 a year. By the terms of the instrument, Federated could repurchase parcel B during the thirty-five-year period at a price graduated on a yearly scale, the price on October 13, 1960, being $3,054,500. In employing the method of reproduction cost less depreciation to determine the value of the department store building on parcel B, the parties agreed that the land valuation should then be determined by an analysis of comparable land sales in the local market. Both parties offered the testimony of expert witnesses who testified as to the value of the building on parcel B, using the two methods, reproduction cost less depreciation and capitalization of income. The referee found as a

fact that the "so-called lease between the parties is a security type transaction and does not reflect a fair rental income." He concluded that the true and actual value of the department store building was $2,467,354 and that the value of the land, parcel B, was $698,200, a total fair market value of $3,165,554, and that a total assessment of $2,057,610, 65 percent of that value, was a proper assessment.

The plaintiff assigns error in a ruling on evidence by the trial referee. After the introduction into evidence of the agreement between Federated and the Trust, the plaintiff's witnessess testified as to their valuation of the building by the use of the capitalization of income method, predicated on the annual rental income from the property as provided in the agreement regarded by the plaintiff as a lease. There was testimony, admitted without objection, that such yearly rental was a fair and proper return of 5.3 percent to 5.5 percent on the investment of the General Electric Pension Trust, considering the money market in 1955, when the investment was made. The defendant's witnesses arrived at a much higher valuation of the building by the use of claimed comparable rental values of other buildings. The economic rental value of the building was placed at $2.25 per square foot. The defendant claimed that this instrument was not a lease, but a security-type transaction and, therefore, properly could not be used as a basis for capitalization of income. On the basis of the purported lease the rental value of the building was approximately $1.05 a square foot.

The defendant offered the testimony of Clarence Sherwood, who stated that in his opinion the instrument was not actually a lease. The plaintiff then offered, in rebuttal to Sherwood, the testimony of Adolph H. Nelson, vice-president and senior mort-

gage officer of the Fairfield County Trust Company, who gave his qualifications without objection as having been engaged in long-term financial transactions involving mortgages on commercial and residential properties in the Stamford area for over sixteen years. Through this witness, the plaintiff endeavored to establish the genuineness of the lease and the factors involved in establishing the rental figure, but the trial referee excluded the proffered testimony and the plaintiff duly excepted to the ruling. The plaintiff made an offer of proof through this witness that, in entering into this agreement a borrower, such as Federated, must have realistically based it on an annual rental figure directly related to what the property can produce; that this is a true lease; that Federated is obligated to pay an annual rental for a period of at least fifteen years; that $168,422.32, the annual rental, represents the income that this property can produce and that this is a figure which properly can be used in determining the value of the property on the capitalization of income theory.

The apparent ground of the trial referee's ruling was that the evidence offered was irrelevant. The trial court has broad discretion in determining the relevancy of evidence. *State* v. *Carnegie,* 158 Conn. 264, 273, 259 A.2d 628; *State* v. *Smith,* 157 Conn. 351, 355, 254 A.2d 477. Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends

to aid the trier in the determination of the issue. Evidence is admitted, not because it is shown to be competent, but because it is not shown to be incompetent. No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639; *Pope Foundation, Inc.* v. *New York, N.H. & H.R. Co.* 106 Conn. 423, 435, 138 A. 444.

The expert witnesses of both parties used the capitalization of income method in determining the fair market value of the store building. As a general principle earning or income-producing capacity, as distinguished from actual earnings, is to be regarded as a factor in valuation for taxation purposes, but if the property is devoted to the use for which it is best adapted and is in a condition to produce or is producing its maximum income, the actual rental is a very important element in ascertaining its value. *Somers* v. *Meriden,* 119 Conn. 5, 8, 174 A. 184; see note, 96 A.L.R.2d 666, 670. Parcel B was employed in its highest and best use. The plaintiff endeavored through this witness to establish, inter alia, that the annual rental represents the income this property can produce and, therefore, is a figure which can properly be used in determining the value of the property by capitalization of income. Whether the instrument in question is a lease or a different sort of agreement is not determinative of this. The basic question is whether the property was producing its maximum income. Federated was entitled to rebut the evidence offered by the defendant, and the ruling of the trial referee prevented it from doing so. The importance of the ruling is emphasized by the finding that "[t]he so-called lease is a security

type transaction and does not reflect a fair rental income." While expert witnessess for both parties, in determining the value of the building on parcel B, used the method of reproduction cost less depreciation as well as capitalization of income, there is nothing in the finding to indicate that the referee predicated his conclusions on one method rather than the other. We cannot say, therefore, that the error was harmless. *Genovese Coal Co.* v. *River Bend Builders, Inc.,* 146 Conn. 48, 53, 147 A.2d 193.

## II

In cases number 3224, 3225 and 3226, concerning the valuation of the three parking lots for the purpose of tax assessments, the referee concluded that the assessors' valuation and assessments were correct and that the plaintiff had failed to sustain its burden of proof.

The plaintiff assigns error in the overruling by the referee of the following claims of law: (1) Land having extensive frontage and extensive corner exposure, but which is limited by economic necessity to use as a parking facility in connection with a department store property, cannot be given any extra value for the frontage or for the corner influence, and should be valued and assessed as an inside lot, not as a lot having any street frontage. (2) Where a building obtains a taxable value as a department store, because it is the dominant tenement, other parcels kept as servient tenements for a limited use such as parking facilities only must be assessed as to value in accordance with their servient use, and not in accordance with the use to which they might be put as independent properties not subject to an economic easement.

The referee found the following facts: In con-

nection with the operation of Bloomingdale's Department Store in Stamford, Federated owns and operates three adjacent free parking areas for customers of the store. The major distinction between the parking lot valuations given by the plaintiff's expert and by the defendant's expert involved the issue whether there should be a 50 percent functional depreciation factor applied on the basis of Federated's contention that (1) the parking areas are essential to maintain the market valuation of the department store property and that (2) the servient restricted use of these parking lot areas severely depreciates their otherwise normal value for commercial availability. The three parcels of land are zoned for commercial-general business and are in the principal commercial area of Stamford. The highest and best use of these three parcels of land would be for commercial buildings. Their actual use is for parking lots restricted to customers of the department store. The fair market value of the Washington Avenue lot A was arrived at by the assessor using the comparable market sales data. This was accomplished by applying a valuation on a square foot basis and then converting it to a front foot price using a front foot base value for a lot depth of 100 feet and an additional sum for depth beyond 100 feet, computed on a mathematical ratio, and then applying an additional sum for corner influence. In arriving at the fair market value of the Winthrop parking lot, lots 6, 7 and 8, located at Broad Street and Winthrop Place, the assessor used the same approach as he used on the Washington Avenue lot A but without any corner influence. In arriving at the fair market value of the Franklin parking lot, lots 1 and 2, at the northeast corner of Broad and Franklin Streets, the assessor used the same comparable market sales data ap-

proach and arrived at a basic front-foot figure for land on Broad Street, then added a figure based on a formula to compensate for the difference in the frontage and rear area and then added a depth factor and a corner influence factor. The referee sustained the action of the assessor in all three cases and concluded that the plaintiff was not entitled to relief.

In these cases the referee personally inspected the subject properties. No one appraisal method was controlling on him. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693; *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 233, 188 A. 433. He had the right to accept so much of the testimony of the experts and the recognized appraisal methods which they employed as he found applicable. *Moss* v. *New Haven Redevelopment Agency,* supra. The exercise of this right would be reviewable only if it were apparent that the referee misapplied or overlooked, or gave a wrong or improper effect to, any testimony or consideration which it was his duty to regard. *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 99, 230 A.2d 9; *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612. "Valuations for taxation purposes are first fixed by the assessors and an appeal lies to the board of tax review. The law contemplates that a wide discretion is to be accorded to assessors, and unless their action is discriminatory or so unreasonable that property is substantially overvalued and thus injustice and illegality result, their opinion and judgment should control in the determination of value for taxation purposes." *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 675, 154 A.2d 608.

In this state, property is liable to taxation at a

uniform percentage of its true and actual value. General Statutes § 12-64; *Connecticut Light & Power Co.* v. *Monroe,* 149 Conn. 450, 452, 181 A.2d 118. "Present true and actual value" is statutorily designated as fair market value and not value at a forced or auction sale. § 12-63. In *Underwood Typewriter Co.* v. *Hartford,* 99 Conn. 329, 336, 122 A. 91, we said that the words market value "mean a value in a market, in a place or in conditions in which there are, or have been or will be within a reasonable time, willing sellers and able and ready buyers of property like that to be assessed." The best test for the determination of value ordinarily is that of market sales. *Burritt Mutual Savings Bank* v. *New Britain,* supra, 674.

In these cases, the finding by the referee that the highest and best use for each of the parking lots would be for commercial buildings has not been attacked by the plaintiff. A taxpayer who chooses to use his land in a manner which is not consistent with its highest and best use should not be rewarded with a lower assessment, the effect of which is to increase the tax burden on others. The process of evaluation for tax purposes is, at best, one of approximation and the conclusion of the referee is a matter of opinion based on his own knowledge and experience as well as on the facts and the expert opinions in evidence. *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 586, 153 A.2d 420.

In urging the adoption by this court of a functional depreciation factor in the valuation of the parking lots, on the ground that the parking areas are essential to the market valuation of the department store property, and that the servient restricted use of these parking areas severely depreciates their otherwise normal value for commercial availability,

the plaintiff cites cases from other jurisdictions. No case, however, has been cited by the plaintiff wherein the functional depreciation factor has been applied in a factual situation similar to that of the present case. See *Englewood Cliffs* v. *Estate of Allison,* 69 N.J. Super. 514, 174 A.2d 631; *Stack* v. *Hoboken,* 45 N.J. Super. 294, 132 A.2d 314; *Long Dock Co.* v. *State Board of Assessors,* 89 N.J.L. 109, 97 A. 900; *Essex Co.* v. *Lawrence,* 214 Mass. 79, 100 N.E. 1016.

The plaintiff contends also that this court has subscribed to a rule that property should be valued according to the practical influences on its use and not according to the fair market value predicated on the highest and best use, citing *Brothers, Inc.* v. *Ansonia Redevelopment Agency,* 158 Conn. 37, 43, 255 A.2d 836. Through inadvertence only a portion of the pertinent sentence has been recited in the plaintiff's brief. The complete sentence reads as follows: "The usual measure . . . is, in general, the fair market value of the property, in the determination of which it is proper to consider the use which is being made of the property *if, in truth, that use of the property enhances the value of it.* [Emphasis added.] *Housing Authority* v. *Lustig,* 139 Conn. 73, 76, 90 A.2d 169." Ibid.

There is no error in cases No. 3224, 3225, 3226; there is error in case No. 3227, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.