GEORGE LOMBARDI *v.* CITY OF GROTON ET AL.
(9741)

DALY, LANDAU and HEIMAN, Js.

Argued September 25—decision released November 19, 1991

*Raymond L. Baribeault, Jr.,* with whom were *Timothy D. Bates* and, on the brief, *Richard A. Schatz,* for the appellants (defendants).

*Gilbert Shasha,* with whom was *Barry J. Ward,* for the appellee (plaintiff).

HEIMAN, J. The defendants, David Bailey, Ronald Jenkins and Cindy Grenier,[1] appeal from a judgment rendered on a verdict against them for compensatory

---

[1] The city of Groton is named as an appellant in the case. The trial court file, however, reveals that a motion to strike the complaint against that defendant or, in the alternative, for a directed verdict in favor of the defendant city was granted by the trial court. The judgment file fails to disclose any verdict or judgment rendered for or against the city of Groton. For purposes of this appeal, the use of the word defendants refers only to David Bailey, Ronald Jenkins and Cindy Grenier.

and punitive damages. The action arose out of the plaintiff's allegations of excessive use of force in effecting his arrest, false arrest, extreme and outrageous conduct, a violation of his civil rights[2] and unlawful restraint.

On appeal, the defendants assert that the trial court improperly (1) admitted into evidence prior acts of police misconduct on the part of the defendant Bailey when that evidence was extremely prejudicial and was not offered to impeach his credibility, which was the only basis upon which it could be admitted, (2) refused to admit evidence of the plaintiff's prior criminal record when it was offered to show bias, prejudice, habit or custom, and (3) refused to admit evidence of the plaintiff's prior criminal record on the issue of the plaintiff's claim of emotional damages, mental distress and humiliation. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. For several years, the plaintiff operated as a catering vendor in the vicinity of the Electric Boat Division of General Dynamics in Groton. On June 9, 1987, at about 7:50 a.m., he was operating a catering truck near Electric Boat.

At that time, Grenier, Bailey and Jenkins were employed by the town of Groton as uniformed police officers and were patrolling the area surrounding Electric Boat. Grenier and Bailey were riding together in a marked police car when they stopped the plaintiff's vehicle. When the plaintiff stopped, he, Grenier and Bailey exited their vehicles. The plaintiff asked Bailey why he was being stopped, and Bailey told him that it was because he was not displaying an emissions sticker.

Bailey then asked the plaintiff to produce his license. When the plaintiff attempted to remove it from his wal-

---

[2] See 42 U.S.C. § 1983.

let, Bailey slapped the wallet to the ground and shoved the plaintiff against his truck. At that time, Grenier and Jenkins, a third Groton police officer who had arrived at the scene, leaped into the fray and, with Bailey, threw the plaintiff to the ground and landed on top of him. Bailey then handcuffed the plaintiff, pulled him up, and put him in a police car. The plaintiff was then transported to the Groton police station. Upon arrival, Bailey threw the plaintiff against the steel plate of a cell. Later, the plaintiff was given a motor vehicle summons for having an expired emissions sticker. At no time was he advised of his constitutional rights.

As a consequence of the defendants' conduct, the plaintiff suffered bruises and contusions to the lower back and legs and a fracture of the L3 transverse process of the lumbar spine, which caused physical pain and required medical treatment.

The plaintiff was arrested and charged with breach of peace, assault on a police officer, interfering with a police officer and engaging an officer in pursuit. After a jury trial, he was acquitted of all charges. The plaintiff subsequently commenced a civil action against the defendants based on their alleged excessive use of force in effecting his arrest, false arrest, extreme and outrageous conduct, violation of his civil rights and unlawful restraint.

The jury awarded the plaintiff $125,000 in compensatory damages against the defendants, and punitive damages of $400 against Grenier, $2400 against Bailey, and $1200 against Jenkins. In addition, the court awarded the plaintiff attorney's fees of $35,731.25.

I

As stated in the statement of issues in their brief, the defendants first assert that the trial court incor-

rectly permitted "evidence of prior police misconduct on the part of the defendant Bailey to be presented to the jury when that evidence was extremely prejudicial to the defendant police officer and when that evidence was not offered to impeach the credibility or veracity of said defendant and when said evidence was not otherwise admissible under the applicable rules of evidence." Because this issue was not properly preserved for appellate review, we do not reach the merits of this claim. *Saradjian* v. *Saradjian,* 25 Conn. App. 411, 418–19, 595 A.2d 890 (1991).

The trial transcript reveals that a conference was held in chambers during which the admissibility of evidence of a prior civil rights action against the defendant Bailey was discussed. The transcript further reveals that, upon returning to the courtroom, the trial court heard further argument on the issue, but the defendants' counsel failed to state succinctly the grounds on which objection was made. Practice Book § 288. At the conclusion of the arguments, the trial court indicated that it would permit testimony concerning the prior case. The defendants took an exception.

Bailey was then called to the witness stand and testified concerning a prior lawsuit brought against him by another individual. Defense counsel did not object to any of the questions addressed to Bailey concerning the prior lawsuit, nor did he object to the plaintiff's counsel's attempt to refresh Bailey's recollection by showing him the prior complaint.

Because the defendants did not properly object and except to any of the questions relating to the prior suit, the issue of their admissibility was not properly preserved for appellate review. We cannot, therefore, consider them here. *Friedlander* v. *Friedlander,* 191 Conn. 81, 90 n.12, 463 A.2d 587 (1983).

## II

Because the remaining issues concern the same trial court ruling, we shall address them together.

The defendants complain that the trial court improperly excluded evidence of the plaintiff's prior criminal record when that evidence was admissible (1) on the issues of bias, prejudice, habit or custom, and (2) on the claim of mental distress and humiliation. We disagree.

The defendants sought to introduce into evidence the fact that the plaintiff had been convicted of breach of the peace on March 25, 1965, May 7, 1966, and January 25, 1977, of assault in the third degree on December 4, 1971, and disorderly conduct on December 21, 1978.[3] The trial court sustained the plaintiff's relevancy objection to these questions. The defendants then advised the trial court that they would attempt to reintroduce this evidence when the expert medical witnesses testified for the purpose of disputing the plaintiff's claim of psychological and emotional injury. When physician Alan J. Greenwald testified on behalf of the plaintiff, the defendants conducted a voir dire examination on the issue of prior arrests and convictions as it related to psychological and emotional injury. Upon completion of the voir dire of Greenwald, the defendants indicated to the trial court that they would not pursue that line of questioning before the jury.

We first note that the defendants did not and could not claim that the plaintiff's prior convictions were admissible for the purposes of impeaching his credibility because all of the convictions were for misdemeanors and, thus, are not crimes punishable by

---

[3] All of the criminal convictions sought to be introduced were at that time and are now misdemeanors. See General Statutes (1958 Rev.) § 53-174 and General Statutes §§ 53a-181, 53a-182 and 53a-61.

more than one year in prison. General Statutes § 52-145; *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 471–72, 208 A.2d 341 (1965); see also *State* v. *Martin,* 201 Conn. 74, 86, 513 A.2d 116 (1986) (reaffirming *Heating Acceptance Corporation).*

As to the defendants' claims, trial courts are vested with liberal discretion in determining the relevancy of evidence. *Delott* v. *Roraback,* 179 Conn. 406, 414, 426 A.2d 791 (1980); *Pagani* v. *BT II, Limited Partnership,* 24 Conn. App. 739, 748, 592 A.2d 397 (1991). Evidence is relevant if "it tends to establish a fact in issue or to corroborate other direct evidence in the case." *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715 (1971). "Because there is no precise and universal test of relevancy, however, the question must ultimately be addressed on a case-by-case basis in accordance with the teachings of reason and judicial experience." (Internal quotation marks omitted.) *Metropolitan District* v. *Housing Authority,* 12 Conn. App. 499, 508, 531 A.2d 194 (1987). We will set aside rulings on evidentiary matters only upon a clear showing of an abuse of discretion. Id.

The trial court did not abuse its discretion in ruling that the proffered evidence was inadmissible. None of the prior instances of misconduct involved the defendants in this case. Only one of the five instances involved an act directed against a police officer. The acts of misconduct occurred between eleven and twenty-five years prior to this trial, and involved only misdemeanors. In addition, the court noted that to admit the proffered evidence would result in diverting the inquiry from the ultimate issues presented.

In light of these factors, the trial did not abuse its discretion in refusing to admit the proffered evidence. Even if the evidence had been marginally relevant, "[i]t

is a reasonable exercise of judicial discretion to exclude . . . evidence the relevancy of which appears to be so slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case." *State* v. *Moynahan,* 164 Conn. 560, 589, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219 (1973); *State* v. *Plaza,* 23 Conn. App. 543, 549, 583 A.2d 925 (1990), cert. denied, 217 Conn. 811, 587 A.2d 153 (1991).

The defendants' alternative claim of relevance was that the evidence of prior convictions was probative of the extent of emotional damage suffered by the plaintiff. Specifically, the defendant hoped to establish that a person who had been arrested on a number of occasions would be less traumatized by an additional arrest than one who had never been arrested. This attempt, however, died aborning during the defendants' offer of proof, when Greenwald testified that he could not reach such a conclusion because of the number of variables. After failing to establish a factual basis for this testimony, the defendants abandoned their offer of proof on this issue. See *Stephanofsky* v. *Hill,* 136 Conn. 379, 384–85, 71 A.2d 560 (1950). Thus, we need not decide whether the trial court properly excluded the proffered testimony on the issue of damages, because the defendants have failed to demonstrate that they suffered probable harm as a result of such ruling. See *Starzec* v. *Kida,* 183 Conn. 41, 49, 438 A.2d 1157 (1981).

The judgment is affirmed.

In this opinion the other judges concurred.