STEPHEN GROSSOMANIDES ET AL. *v.*
TOWN OF WETHERSFIELD
(12048)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 9, 1993—decision released February 1, 1994

*Lisa A. Zaccardelli,* for the appellant (substitute plaintiff).

*Karen P. Blado,* with whom, on the brief, was *Robert M. Decrescenzo,* for the appellee (defendant).

DUPONT, C. J. The plaintiff John Anagnos[1] appeals from the judgment of the trial court upholding the decision of the board of tax review for the town of Wethersfield regarding the plaintiff's tax assessment. The plaintiff is the owner of real property at 912 Silas Deane Highway in Wethersfield, on which stands a building that he leases out as commercial office space. Pursuant to its decennial revaluation, the town of Wethersfield valued the property at $3,001,500 as of October 1, 1989. At the plaintiff's request, the board of tax review reviewed the assessment and reduced it to $2,892,000. The plaintiff then appealed to the trial court, which upheld the board's determination. The plaintiff now appeals that judgment to this court, claiming that the trial court improperly concluded that the report of the plaintiff's appraiser was irrelevant to the issue of the property's fair market value.

The trial court stated in its memorandum of decision that "[t]he plaintiff['s] expert appraisal report is given no weight because it valued the lease fee of the subject property and is therefore irrelevant to the issue of the fair market value for purposes of a municipal tax appeal." The relevancy of evidence is determined on a case by case basis within the discretion of the trial

---

[1] On October 15, 1992, Stephen Grossomanides sold his one-half interest in the subject property of this action to John Anagnos, a coowner of the property, who was substituted as the plaintiff in this action.

court. The general rule is that evidence is relevant if it has a tendency "to establish a fact in issue or to corroborate other direct evidence in the case." (Internal quotation marks omitted.) *Lombardi* v. *Groton,* 26 Conn. App. 157, 163, 599 A.2d 388 (1991), cert. denied, 221 Conn. 908, 600 A.2d 1361 (1992), quoting *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715 (1971); *State* v. *Willis,* 221 Conn. 518, 522, 605 A.2d 1359 (1992). This court requires a clear showing of abuse of discretion to set aside findings on evidentiary matters. *Lombardi* v. *Groton,* supra.

The trial court is vested with broad discretion in municipal tax appeals in determining fair market value, and "has the right to accept so much of the expert testimony and the recognized appraisal methods which are employed as it finds applicable." *John F. Epina Realty, Inc.* v. *Space Realty, Inc.,* 194 Conn. 71, 84, 480 A.2d 499 (1984). "The exercise of this right would be reviewable only if it were apparent that the [trial court] misapplied or overlooked, or gave a wrong or improper effect to, any testimony or consideration which it [has a] duty to regard. . . ." (Citations omitted; internal quotation marks omitted.) Id., quoting *Federated Department Stores, Inc.* v. *Board of Tax Review,* supra, 86.

Upon our review of the appraisal report of the plaintiff's appraiser, we conclude that the trial court's determination that the report was "irrelevant" and should be given no weight was improper. Although the appraiser's use of the term "lease fee title" was unusual and, perhaps, semantically misleading, the report clearly defined that term as meaning nothing more than "ownership of the land, improvements, and all of the rights normally acquired by ownership." Semantics aside, there is no difference between the definition of "lease fee title" as used in the report and defined

therein and the definition of a fee simple estate, which the report defined as "[a]bsolute ownership unencumbered by any other interest or estate; subject only to the limitations of eminent domain, escheat, police power, and taxation." Both the plaintiff's and the defendant's appraisers[2] correctly valued the same ownership interest in the subject property. See *Second Stone Ridge Cooperative Corp.* v. *Bridgeport,* 220 Conn. 335, 342–44, 597 A.2d 326 (1991).

Contrary to the defendant's assertions, the appraisal report of the plaintiff's expert did not violate General Statutes § 12-63b (b)[3] by using the value of the actual leases of the office building to determine the net operating income of the subject property. Although he did perform a calculation using the actual income from existing leases, he did not use that calculation in reaching his ultimate determination of net operating income. In fact, the appraiser used a net operating income figure based on "comparable rentals" in calculating the value of the property according to the "income approach," which is exactly what he should have done.[4]

---

[2] The defendant's expert's appraisal report did not define "fee simple interest."

[3] General Statutes § 12-63b (a) requires an appraiser to determine the market rent for property similar to the real estate being taxed as part of the "capitalization of net income" method of appraisal.

General Statutes § 12-63b (b) provides in relevant part: "[T]he term 'market rent' means the rental income that such property would most probably command on the open market as indicated by present rentals being paid for comparable space. In determining market rent the assessor shall consider the actual rental income applicable with respect to such real property under the terms of an existing contract of lease at the time of such determination."

[4] We also note that actual rental income is not necessarily irrelevant. "As a general principle earning or income-producing capacity, as distinguished from actual earnings, is to be regarded as a factor in valuation for taxation purposes, but if the property is devoted to the use for which it is best adapted and is in a condition to produce or is producing its maximum income, the actual rental is a very important element in ascertaining its value."

The plaintiff's appeal from the board's decision required the trial court to perform a double function. *Gorin's, Inc.* v. *Board of Tax Review,* 178 Conn. 606, 608, 424 A.2d 282 (1979). Initially, it was the court's duty to determine whether "the action of the board will result in the payment of an unjust and, therefore, illegal tax . . . ." Id. If such a finding was made, the court could then reduce the assessment in accordance with its own determination of the value of the property made on the basis of the evidence produced at trial. *Stamford Apartments Co.* v. *Stamford,* 203 Conn. 586, 588, 525 A.2d 1327 (1987); *Gorin's, Inc.* v. *Board of Tax Review,* supra, 608. "The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been overassessed." *Gorin's, Inc.* v. *Board of Tax Review,* supra.

In this case, the evidence that the plaintiff produced to satisfy his burden of showing aggrievement consisted primarily of the report and the testimony of his expert appraiser. The trial court improperly declared the plaintiff's appraisal report as irrelevant, and therefore gave it no weight. The trial court's memorandum of decision also reveals that in evaluating the testimony of the witnesses, the court gave "greater weight to the testimony of the defendant's expert witness . . . because he correctly applied the income and sales comparison approaches to value to determine the fair market value for the fee simple estate of the subject property on October 1, 1989."

This paragraph of the memorandum of decision implies that the trial court found that the plaintiff's appraiser had incorrectly applied those methods to

*Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 83, 291 A.2d 715 (1971); see also *Stamford Apartments Co.* v. *Stamford,* 203 Conn. 586, 594, 525 A.2d 1327 (1987).

determine the property's fair market value, and that the court valued the testimony of the defendant's appraisers over that of the plaintiff's appraiser, not because it found the defendant's appraisers more credible, but because it discounted the testimony of the plaintiff's appraiser for the same improper reason it deemed his appraisal report irrelevant.

In *Federated Department Stores, Inc.* v. *Board of Tax Review,* supra, a plaintiff constructed a department store in Stamford and sold it to a coplaintiff under a sale and leaseback arrangement. At trial, the court determined that because the leaseback agreement was a "security-type" transaction, the lease between the parties was irrelevant to a determination of the property's value because it did not reflect the property's fair rental income. The court then excluded the testimony of the plaintiff's witnesses as to their valuation of the building because the "capitalization of income" valuation method that they had used was predicated on the actual annual rental income from the property.

The excluded evidence was not irrelevant because actual rental income is an important element in determining the value of a property where the property is currently devoted to its best use, and where the property is producing its maximum income. See footnote 4. The court held that the characterization of the instrument in question as a lease or a security-type agreement was not determinative of whether the property was producing rental at its optimal amount, and that the plaintiff was entitled to rebut the defendant's evidence, which the ruling of the trier prevented it from doing. The judgment affirming the decision of the board of tax review was set aside because the evidence the plaintiff wanted to introduce to determine fair market value was relevant to a determination of fair market value using a capitalization of income method of valuation. The Supreme Court concluded that it could not

say whether the disregarding of the plaintiff's evidence was harmless because it did not know if another method of fair market valuation was used by the trier or if the method chosen by the trier was capitalization of income. Id., 84.

Nor can we characterize the error in this case as harmless. The improper devaluation of the testimony of the plaintiff's expert and the exclusion of his report as irrelevant deprived the plaintiff of most of his evidence and prevented him from being able to satisfy his burden of showing aggrievement. Because the plaintiff could not show that the action of the board of assessors would result in the payment of an unjust tax, the trier could not properly reach the ultimate question to be decided, namely, the fair market value of the property.

The judgment of the trial court is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.