### BEACON HILL CONDOMINIUM ASSOCIATION, INC. *v.* TOWN OF BEACON FALLS

### BEACON HILL CONDOMINIUM ASSOCIATION, INC., ET AL. *v.* TOWN OF BEACON FALLS (13788)

Heiman, Schaller and Spear, Js.

Argued January 19—officially released May 7, 1996

*Donna Civitello*, with whom, on the brief, was *Robert F. Carter*, for the appellant (defendant).

*Robert P. Hanahan*, with whom, on the brief, was *Joseph Sakal*, for the appellees (plaintiffs).

SCHALLER, J. The defendant town of Beacon Falls appeals from the judgments of the trial court sustaining the plaintiffs' tax appeals. The plaintiffs are the Beacon Hill Condominium Association (association) and 160 owners of Beacon Hill condominium units. The dispositive issue in this appeal is whether the trial court improperly ordered a reduction in the tax bills of the condominium unit owners equivalent to the costs of municipal services not provided to the owners by the defendant. We reverse the judgments of the trial court.

The following facts are relevant to our disposition of this appeal. The association was established in 1982. In 1990, the association brought a mandamus action on behalf of all Beacon Hill condominium unit owners to compel the town to provide garbage services, a tax rebate in lieu of such services or a reimbursement to the association for the expense of private garbage collection. On January 13, 1992, the parties entered into a stipulated judgment. The judgment provided that the defendant's 1982 assessment of the individual condominium units, which was still operative, included a "2 [percent] functional depreciation . . . to reflect the absence of some municipal services including trash collection, snow removal, and road maintenance on the market value of the condominium units. *In the 1992 reassessment . . . the fair market value assigned to the condominium units will continue to reflect that effect of the absence of these municipal services.*" (Emphasis added.)

In 1991, the town of Beacon Falls grand list reflected the 2 percent functional depreciation of each condominium unit for the absence of trash removal, snow removal and street maintenance services. Because the depreciation, however, did not reduce the taxes on each condo-

minium unit by an amount equal to the cost to each unit owner of procuring the services, the association appealed to the Beacon Falls board of tax review (board). By a decision dated April 15, 1992, the board made no changes in the assessments of the condominium units. On May 28, 1992, the association commenced an appeal[1] of the board's decision pursuant to General Statutes § 12-117a.[2]

In 1992, the Beacon Falls grand list reflected a 4 percent functional depreciation[3] of fair market value

[1] The defendant first challenges the standing of the association to bring suit on behalf of the condominium owners. The association stated in the complaint that it was bringing the action pursuant to General Statutes § 47-244 (a) (4). The defendant correctly observes that the Common Interest Ownership Act, General Statutes §§ 47-200 through 47-295, applies only to condominium associations declared after January 1, 1984. See General Statutes § 47-214. The association in this case was established in 1982. Nevertheless, we note that pursuant to General Statutes § 47-80a of the Condominium Act, General Statutes §§ 47-68a through 47-90c, the association has the power to "appear on behalf of all unit owners before any officer, agency, board, commission or department of the state or any political subdivision thereof and appeal from any judgments, orders, decisions or decrees rendered by the same . . . ." See also General Statutes § 47-90c (a) (§ 47-80a applies to condominium associations declared after January 1, 1977).

[2] General Statutes § 12-117a provides in pertinent part: "Appeals from decisions of boards of tax review concerning assessment lists for assessment years commencing October 1, 1989, to October 1, 1992. Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ." While we note that the plaintiff's complaint cited General Statutes § 12-118, it properly falls within § 12-117a.

[3] The term functional depreciation was changed to personal property service, but we continue to use the term functional depreciation for purposes of this opinion.

for each condominium unit. The association and 160 condominium unit owners again appealed to the board, but by a decision dated April 15, 1993, the board made no changes in the assessments. On June 1, 1993, the association and the condominium unit owners appealed the April 15, 1993 decision of the board. By amended complaint dated March 21, 1994, the association and condominium unit owners also appealed the tax assessment from the 1993 grand lists of Beacon Falls.[4] The trial court consolidated the appeal of the 1991 tax assessments with the appeal of the 1992 and 1993 tax assessments.

The trial court found that the 2 percent depreciation rate for each unit provided a $30 per condominium unit tax reduction. The trial court further found that the total cost of the services was $50,000 per year. The services, therefore, cost each condominium owner $241.54 per year.[5] In a memorandum of decision dated June 21, 1994, the trial court concluded as follows: "Judgment may enter in both cases in accord with the above ruling requiring the town to reduce the assessment on the individual units in the condo complex so that the taxes on each unit is $200 less than the amount each unit owner is presently paying." From the judgments rendered in accordance therewith, the defendant appeals.

The defendant claims that the trial court improperly ordered it to reduce the assessments on the condominium units so as to grant the condominium unit owners

---

[4] General Statutes § 12-117a provides in pertinent part: "If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review to make such amendment effective. . . ."

[5] Although only 160 condominium unit owners appealed, there were 207 owner members of the association.

a tax credit of $200 per year. The defendant argues that because the owners conceded that their properties were properly assessed, there was no relief available pursuant to General Statutes § 12-117a. We agree.

In an appeal from a board of tax review pursuant to § 12-117a, "[t]he function of the trial court is to determine the true and actual value of the plaintiff's property. *Dickau* v. *Glastonbury*, 156 Conn. 437, 441, 444, 242 A.2d 777 [1968]; *Burritt Mutual Savings Bank* v. *New Britain*, 146 Conn. 669, 673, 154 A.2d 608 [1959]. . . . *Executive Square Ltd. Partnership* v. *Board of Tax Review*, 11 Conn. App. 566, 570, 528 A.2d 409 (1987)." (Internal quotation marks omitted.) *Heather Lyn Ltd. Partnership* v. *Griswold*, 38 Conn. App. 158, 164, 659 A.2d 740 (1995). " 'The conclusions reached by the trial court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law.' " *Reynaud* v. *Winchester*, 35 Conn. App. 269, 274, 644 A.2d 976 (1994), quoting *Newbury Commons Ltd. Partnership* v. *Stamford*, 226 Conn. 92, 100, 626 A.2d 1292 (1993).

"In an appeal . . . from a board of tax review, the court performs a double function. The court must first determine whether the plaintiff has met his burden of establishing that he is, in fact, aggrieved by the action of the board. Only when the court finds that the action of the board will result in the payment of an unjust and, therefore, illegal tax, can the court proceed to exercise its broad discretionary power to grant such relief as is appropriate." *Gorin's, Inc.* v. *Board of Tax Review*, 178 Conn. 606, 608, 424 A.2d 282 (1979); *Grossomanides* v. *Wethersfield*, 33 Conn. App. 511, 515, 636 A.2d 867 (1994).

The plaintiffs attempt to characterize the judgments in this case as determinations by the trial court that

the defendant overassessed the condominium units.[6] The plaintiffs argue that the stipulated judgment in the prior mandamus action required the trial court to find that the defendant overassessed the condominiums. The trial court, in fact, concluded that because the 2 percent functional depreciation provided only a $30 tax reduction for each condominium owner, yet each owner paid $241.54 in additional condominium fees due to the absence of municipal services, each condominium owner was entitled to a further reduction in taxes of $200 per year.

We conclude that this result does not comport with our Supreme Court's holding in *Moore* v. *Stamford*, 134 Conn. 65, 54 A.2d 588 (1947). The plaintiffs in that case argued that property not benefited by public services should not be taxed. Id., 68. Our Supreme Court concluded that the "[a]bsence of special benefit does not prevent taxation for public purposes authorized by law." Id. Recourse for such a claim must be had, not from the courts, but from the General Assembly. Id., 69. The trial court may grant the plaintiffs relief under § 12-117a only if the defendant's assessment of the plaintiffs' property was unjust, not merely because the plaintiffs did not benefit from public services. The plaintiffs have not challenged the assessments of their condominium units other than to seek a credit for the expense of procuring services not provided by the defendant.

The judgments are reversed and the cases are remanded with direction to render judgments dismissing the plaintiffs' tax appeals.

In this opinion the other judges concurred.

---

[6] General Statutes § 12-63 provides in pertinent part: "The present true and actual value of . . . property shall be deemed by all assessors and boards of tax review to be the fair market value thereof and not its value at a forced or auction sale."