[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Seeking a reduced assessment and other relief, plaintiff brings this appeal claiming that the Town of Stratford grossly overvalued its property and that its assessment of same resulted in the levy and payment of an unjust and, therefore, illegal tax.
In the first count of its two count complaint, plaintiff claims overvaluation resulting from the assessor "disregarding the provisions of the statutes in determining the value" and, in the second count, that the assessment was contrary to the requirements of law because the assessor failed to view the property. Plaintiff abandoned the second count at time of trial.
After hearing, the court finds that, on October 1, 1991, the plaintiff was the owner of the real property located at 2921 Main Street in the Town of Stratford. On the grand list of October 1, 1991, Stratford's assessor determined the assessed value of said property to be $276,290 having valued same at $394,700. CT Page 4332-VVV
Within the time allowed by law, the plaintiff appealed to the Board of Tax Review of the Town of Stratford for a reduction of the assessment. The Board denied the appeal on May 20, 1992 and within the requisite two month period, plaintiff appealed to this court. See § 12-118 of the Connecticut General Statutes.
While mere overvaluation is sufficient to allow plaintiff redress under the law, a wide discretion is to be afforded assessors, and unless their determination of value is discriminatory or so unreasonable that injustice and illegality results, their opinion and judgment in determining value for tax purposes should control. Stamford Apartments, Co. v. Stamford,203 Conn. 586, 589; Federated Department Stores, Inc. v. Board ofTax Review, 162 Conn. 77, 86.
Such a defense is not a presumption in favor of the validity of the assessment which the taxpayer has the burden of rebutting,Stamford Apartments, Co. v. Stamford, supra, 589; however, the taxpayer must persuade the court that its property has been overvalued by the assessor in order for the court to exercise its power to correct same. Hutensky v. Avon, 163 Conn. 433, 437.
The assessor and Board of Tax Review are required by section12-63 of the General Statutes to set the fair market value of the property at its present true and actual value. This means a value in a market where there are, have been or will be, within a reasonable time, willing sellers and ready and able buyers of property similar to that being assessed. Federated DepartmentStores, Inc. v. Board of Tax Review, supra, 87.
By a fair preponderance of the credible evidence presented at trial, the court is of the opinion that the assessor set the true and actual value of plaintiff's property on October 1, 1991, when he found that value to be $394,700 and the assessed value for tax purposes to be $276,290.
Plaintiff contends that the fair market value of the property on October 1, 1991 was $200,000 and at 70 percent, the assessed value should have been set at $140,000.
The premises referred to as 2921 Main Street in plaintiff's complaint and as 2929 in both its Motion for Production and Revised Motion for Production is properly known as 2921 Main Street, Stratford, Connecticut. CT Page 4332-WWW
This lot is the result of the earlier combination of several parcels of land on which a three story, 18,000 square foot building was to be constructed at an anticipated cost of $750,000. At the time, a prime tenant had agreed to lease 5,000 to 7,000 square feet of the building for a term of 25 years at $19.00 per square foot. However, the prospective tenant cancelled the transaction and the building was never constructed.
Plaintiff argues, inter alia, that part of the assessor's valuation was erroneously based on that lease although it had been cancelled for some time prior to the October 1, 1991 assessment date. In contravention of that claim, the credible testimony makes it clear to the court that the assessor never saw the lease and that it was not a factor in his determination of value.
Plaintiff also references a general reduction in real estate values in Connecticut starting in 1988 in support of his claim for a reduced valuation. Of course, this generalization without particularized proof is not persuasive.
Both plaintiff and the tax assess did look to the comparable sales approach to arrive at their respective opinions of fair market value. However, while some of plaintiff's comparables appeared to the court to be inappropriate for comparison with commercial property on Main Street, the assessor's choices of property for comparison seemed the more reasonable and logical.
Consequently, the court is persuaded to find that the assessor did not overvalue plaintiff's property on the list of October 1, 1991, when he determined the assessed value for tax purposes to be $276,290 and the fair market value to be $394,700.
Consequently, plaintiff's appeal is dismissed.
WEST, J.