[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this appeal claiming that the Town of Stratford grossly overvalued its property and that its assessment of same resulted in the levy and payment of an unjust and, therefore, illegal tax. CT Page 4332-GGG
In the first count of its two count complaint, plaintiff claims over valuation resulting from the assessor's "disregarding the provisions of the statutes in determining the value" and, in the second, that the assessment was contrary to the requirements of law because the assessor failed to view the property. Plaintiff abandoned the second count at time of trial.
The court finds the following facts established by the evidence. On October 1, 1991, plaintiff was the owner of real property located at 1888 Barnum Avenue in the Town of Stratford, Connecticut. On the Grand List of October 1, 1991, Stratford's assessor determined the assessed value, for tax purposes, of said property to be $182,000 having found the fair market value to be $260,000.
Within the time limited by law, the plaintiff appealed to the Board of Tax Review of the Town of Stratford for a reduction of the assessment. The Board denied the appeal on May 20, 1992, and within the requisite two month period, plaintiff brought the instant appeal. See § 12-187a of the Connecticut General Statutes.
While mere overvaluation is sufficient to allow plaintiff redress under the law, a wide discretion is to be afforded assessors, and unless their determination of value is discriminatory or so unreasonable that injustice and illegality results, their opinion and judgment in determining value for tax purposes should control. Stamford Apartments, Co. v. Stamford,203 Conn. 586, 589; Federated Department Stores, Inc. v. Board ofTax Review, 162 Conn. 77, 86.
Such a defense is not a presumption in favor of the validity of the assessment which the taxpayer has the burden of rebutting,Stamford Apartments, Co. v. Stamford, supra, 589; however, the taxpayer must persuade the court that its property has keen overvalued by the assessor in order for the court to exercise its power to correct same. Hutensky v. Avon, 163 Conn. 433, 437.
The assessor and Board of Tax Review are required by section12-63 of the General Statutes to set the fair market value of the property at its present true and actual value. This means a value in a market where there are, have been or will be, within a reasonable time, willing sellers and ready and able buyers of property similar to that being assessed. Federated DepartmentCT Page 4332-HHHStores, Inc. v. Board of Tax Review, supra, 87.
From the more comprehensive and credible evidence presented at trial, the court is persuaded that the assessor set the true and actual value of plaintiff's property on October 1, 1991, when he found that value to be $260,000 and the assessed value for tax purposes to be $182,000.
Plaintiff is of the opinion that the fair market value of his property on October 1, 1991, was approximately $120,000 and at 70 percent, the assessed value should have been set at $84,000.
The property in question consists of a plot of land with an area of approximately 9,300 square feet on which a partially completed office building containing 3,200 square feet sits. The zone in which the lot is located was changed from residential to commercial to allow for the construction of the office building.
Plaintiff claims that the assessor must have valued the building as though it were a completed structure; however, this argument was refuted by the assessor who testified that the building was considered to be 60 percent completed on October 1, 1991. It is clear that the building's exterior was nearly finished and that the interior studding, rough electrical and rough plumbing were completed, although drywall had not been installed, certainly, the 60 percent designation is reasonable.
The assessor relied on the cost approach to determine the value of plaintiff's property. He was aware that the property had been purchased earlier for $155,000 and he took this into consideration when he valued the land based on comparable sales of commercial properties. To that value, he added an estimation of construction costs, all as of October 1, 1991 for the 60 percent completed office building.
In response to a question on direction examination regarding valuation of the building the assessor answered: "Well, again as far as the building aspect in our pricing, we recognize the fact that the property was only partially complete. Okay? So what we did is we used a cost schedule we developed for the revaluation that is used on all the properties in the town, and we backed off from it to account for the fact that building wasn't completed as of that date." Certainly, this procedure was reasonable and proper. CT Page 4332-III
The plaintiff, in arriving at its determination of the fair market value of the subject commercial premises, used comparable sales located in an industrial or light industrial zone. As the assessor explained on direct examination, "[u]sing sales in manufacturing zones for different uses than what the subject property was best suited for is inappropriate." Further, as to plaintiff's comparables, the assessor testified that, ". . . several of the sales that were indicated [had] severe topography problems. They were not readily buildable. They needed substantial work in terms of fill, in terms of again in one situation, and I will refer to it again, the property is a pond. Another property that was described on Surf Avenue was an adjunct to existing building which was primarily wetland but was needed at the time for the expansion of the existing manufacturing plant. Again in my estimation they are not comparable to a lot that is being acquired for the use of an office building."
Plaintiff seemed to be comparing apples with oranges in an attempt to buttress its determination of fair market value and, of course, this is rejected by the court.
As indicated earlier, the more comprehensive and credible evidence persuades the court to find that the assessor did not overvalue plaintiff's property on the list of October 1, 1991, when he determined the assessed value for tax purposes to be $182,000 and the fair market value to be $260,000.
Consequently, plaintiff's appeal is dismissed.
WEST, J.