[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a real estate tax appeal from the refusal of the Town of Newtown Board of Tax Review to reduce the real estate tax assessment for certain real property owned by the Plaintiff; The Taunton Press, Inc. ("Taunton" herein), identified as 63 South Main Street and 10 Mile Hill Road ("Subject Property" herein). This appeal challenges the assessment of the Subject Property for the tax years commencing October 1, 1996, October 1, 1997 and October 1, 1998.
At the outset, the Court notes that this matter was presented to the Court by counsel for each parties in a particularly professional, competent and comprehensive fashion. Presentation of counsel both at trial and in post-trial briefs was thorough, cogent and persuasive. The Court is grateful to counsel for the manner in which this matter was tried to the Court.
The Court finds as follows.
The Tax Assessor for the Town of Newtown found the fair market value of the Subject Property to be $8,311,950.00 as of October 1, 1995.
At trial, the Plaintiff, Taunton, introduced the written appraisal report and the expert testimony of real estate appraiser, R. Bruce Hunter, to the effect that as of October 1, 1995, the fair market value of Subject Property was $6,850,000.00.
The Defendant, Town of Newtown, at trial, introduced the written appraisal report and the expert testimony of real estate CT Page 11551 appraiser, Christopher K. Kern, to the effect that as of October 1, 1995, the fair market value of the subject Property was $8,200,000.00.
Both the Plaintiff's appraiser and the Town's appraiser in their trial testimony and in their respective appraisal reports, utilized and developed all three standard approaches to determining value of real estate — the cost approach, the sales comparison approach and the income approach.
Section 12-117a of the Connecticut General Statutes allows taxpayers to appeal the decisions of municipal boards of tax review to the Superior Court and provides a method by which an owner of property may directly call in question the valuation placed by assessors upon his property. The function of the trial court in such an appeal "is to determine the true and actual value of the plaintiffs, property." Beacon Hill CondominiumAssoc. v. Beacon Falls, 41 Conn. App. 249, 253, 675 A.2d 909
(1996). The court's function is consistent with the goal of property valuation, which "is to determine the present, true and actual value of the subject property." First Bethel Associates v.Bethel, 231 Conn. 731, 738, 651 A.2d 1279 (1995), quoting Connecticut General Statutes § 12-62.
"In a § 12-117a appeal, the trial court performs a two step function. The burden, in the first instance, is upon the plaintiff to show that he has, in fact, been aggrieved by the action of the board in that his property has been over-assessed . . . In this regard, mere overvaluation is sufficient to justifying redress under [§ 12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation." (Citations omitted; internal quotation marks omitted; brackets omitted.) Konover v. Town of West Hartford,242 Conn. 727 at 734-35 (1997). If the plaintiff alleges in its Complaint that it is the owner of the subject property, was properly before the Board of Tax Review (or, as in this case, the Newtown Board of Assessment Appeals) and received an adverse decision from the Board, the plaintiff has satisfied the aggrievement requirement.
"If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the applicant's property." Konover v. Town of WestCT Page 11552Hartford, supra, 242 Conn. 727, 735. "Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier . . . The trier arrives at his own conclusions as to the value of land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value including his own view of the property." (Citations omitted; internal quotation marks omitted.)Id.; see also Xerox Corp. v. Board of Tax Review, 240 Conn. 192,204, 690 A.2d 389 (1997).
"Only after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains . . . If the court finds that the property has been in fact overvalued, it has the power to, and should, correct the valuation." Konover v. Town of West Hartford, supra, 242 Conn. 73
5-36.
"Because a tax appeal is heard de novo, a trial court judge is privileged to adopt whatever testimony he reasonably believes to be credible. . . . This principle applies not only to the trial court's determination of the true and actual value of taxable property, but also to its determination of whether the plaintiff has satisfied the burden of establishing overvaluation." Sears. Roebuck and Co. v. Board of Tax Review,241 Conn. 749, 755-56, (1997).
Our Supreme Court has also held that "[W]hen a property owner challenges the assessor s valuation, the plaintiffs' burden . . . is a difficult one. Proper deference must be given to the judgment and experience of assessors. . . . The law contemplates that a wide discretion is to be accorded to assessors, and unless their action is discriminatory or so unreasonable that property is substantially overvalued and thus injustice and illegality result, their opinion and judgment should control in the determination of value for taxation purposes. . . . While we have recognized that proper deference should be accorded to the assessors valuation, we have never characterized such deference as a presumption in favor of the validity of the assessment which it is the plaintiffs burden to rebut." Stamford Apartments Co. v.Stamford, 203 Conn. 586, 589, 525 A.2d 1327 (1987). CT Page 11553
Mindful of all of the foregoing, the Court finds that the Plaintiff Taunton has met its burden. with respect to the first prong of a C.G.S. § 2-117a appeal. Specifically, Taunton has established by credible evidence that it is aggrieved in that the subject property has been over-assessed by at least $111,950.00. The Tax Assessor for the Town of Newtown valued the Subject Property at $8,311,950.00 as of October 1, 1995 while the Town's own appraiser at trial testified that the fair market value of the subject property on said date was $8,200,000.00.
As noted in the Konover v. Town of West Hartford, supra,". . . mere overvaluation is sufficient to justify redress under [§12-117a], and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation." The court further finds that allegations of the Complaint with regard to the Plaintiff's claim of ownership of the subject property, the fact that the matter was properly before the Board of Tax Review (in this case, the Newtown Board of Assessment Appeals) and the further fact that the Plaintiff received an adverse decision from the Board, are all proven and true thereby satisfying the aggrievement requirement.
Having found such aggrievement, the Court must now move to the second prong of a C.G.S. § 12-117a appeal and make a finding as to the true and actual value of the subject property. In accordance with the above-noted standards, the Court must arrive at its own conclusions as to the value of subject property by weighing all of the evidence before it, the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and the Court's own general knowledge of the elements going to establish value including the Court's own view of the property. Konover v. Townof West Hartford, supra, 242 Conn. 735; see also Xerox Corp. v.Board of Tax Review, 240 Conn. 192, 204, 690 A.2d 389 (1997). In doing so, the Court, consistent with the holding in Sears,Roebuck and Co. v. Board of Tax Review, 241 Conn. 749, 755-56, (1997), is privileged to adopt whatever testimony the Court reasonably believes to be credible in its determination of the true and actual value of the property.
The Court finds that the testimony of each of the witnesses who testified at trial was credible and persuasive. While counsel for each of the parties have drawn distinctions between the CT Page 11554 appraisers who testified at trial and their respective appraisal reports and while counsel for each of the parties have, to some degree, questioned the methodology employed by the other's appraiser, and while the court acknowledges to some extent those distinctions, the Court finds that the there was also significant similarity in the methodology employed by each appraiser. The Court finds further that each appraiser, both in his testimony at trial and in his respective appraisal report, amply and capably justified and defended to the Court how each such appraiser arrived at his ultimate opinion as to the value of the subject property.
The Court is unpersuaded by attempts made by each party to discredit the methodology employed by the opposing appraiser in arriving at such appraiser's ultimate opinion as to the value of the Subject Property.
Though differences were clearly noted between the two appraisers on specific matters such as whether the office space in the Subject Property was "Class A" or "Class B" office space, the extent to which available "excess land" on the Subject Property would support on-site expansion and what bearing such excess land should have on value, the relative extent to which the one appraiser relied upon the "sales comparison approach" to value as compared to the extent to which the opposing appraiser relied upon the "sales comparison approach", differences between the appraisers on the methods used to calculate depreciation, and other such differences, the fact remains that the ultimate opinion as to value as expressed by each appraiser, both on the stand and in their respective reports, is credible, defensible and is based upon sound and accepted appraisal principles and methodology.
Each appraiser, in the view of this Court, possessed the requisite training, skill and experience to render the opinions expressed. The Court is unpersuaded by the attempts of the Defendant to discredit the Plaintiff's appraiser, Mr. Hunter, by claiming that his experience is primarily based in industrial appraisals or that his limited experience in appraising commercial properties in the Newtown/Greater Danbury area should somehow render his opinion less credible in the eyes of the Court.
Recognizing the inherent subjective nature of real estate appraisal, all a Court can do in scrutinizing the testimony of a CT Page 11555 real estate appraiser is examine the methodology employed by the appraiser, examine the appraiser's credentials, training and experience in the field and assess the appraiser's credibility on the stand as any other witness's credibility would be assessed and evaluated.
Though much was made at trial of the fact that the Plaintiff and its employees were "quite pleased" to receive a "substantial reduction" (in excess of $1,000,000.00 as testified to by the Plaintiff's employee, William Schauppert) in the assessment of the Subject Property after the Plaintiffs representatives met with the representatives of the Town of Newtown to discuss the Town's revaluation of the subject property as of October 1, 1995, there is nothing in the law that estopped or precluded the Plaintiff from thereafter bringing this action. Furthermore, the Court finds that given the fact that the Plaintiff subsequently obtained a copy of what was referred to during the trial as the "financing appraisal" and discovered that said financing appraisal ascribed a value of $6,850,000.00 to the Subject Property, a value significantly lower than the value ascribed to the Subject Property by the Town of Newtown even after the above-noted "substantial reduction", it would have been poor business practice for the Plaintiff not to pursue this appeal.
The Court is mindful of the line of cases that require that "courts must be cautious in choosing" between conflicting systems (of assessment) since those calculations, although made in the best of faith, can lead to widely divergent results. . . . In reviewing valuations, we must bear in mind that the process of estimating the value of property for taxation is, at best, one of approximation and judgment, and that there is a margin for a difference of opinion." MacLean v. Darien, 43 Conn. App. 169, 173
(1996). No one appraisal method is controlling upon the Court though. The court has the right to accept so much of the testimony of the experts and recognized appraisal methods which they employed as the Court finds applicable. Federated DepartmentStores, Inc. v. Board of Tax Review, 162 Conn. 77, 86,291 A.2d 715 (1971)
This case presents as one of those unusual instances where the Court cannot find the testimony, methodology or opinion of one appraiser to be more credible or more defensible than the other. While such a case might ordinarily cause a reviewing Court to defer to the discretion of the Assessor, the wide disparity between the two opinions as to value of the Subject Property lead CT Page 11556 this Court to conclude that the property has, in fact, been overvalued by the Town.
In so holding, this Court is not suggesting that all a property owner need do to successfully challenge an assessment of property by a municipality is to simply engage the services of an appraiser who will render an opinion as to value that is significantly lower than the municipality's opinion as to value. Any such claim by a property owner must be credible, must be reliable and must stand the scrutiny of the Court.
Based upon all of the evidence presented at trial, based upon the Court's assessment of the credibility of all of the witnesses who testified at trial, based further upon the Court's weighing of the opinions of the appraisers, based further upon the claims of the parties in light of all the circumstances in evidence bearing on value, and based further upon the Court's own general knowledge of the elements going to establish value including the this Court's own physical viewing of the property, the Court concludes the fair market value of the Subject Property to be $7,525,000.00 as of October 1, 1995. Judgment, plus costs, shall enter accordingly.
BY THE COURT
Carroll, J.